# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs May 4, 2004

## EDDIE DEPRIEST v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. P27440     Carolyn Wade Blackett, Judge**

---

### No. W2003-02561-CCA-R3-HC  - Filed August 20, 2004

---

The petitioner, Eddie DePriest, seeks appellate review of the Shelby County Criminal Court's summary denial of *habeas corpus* relief. We discern no *habeas corpus* cause of action in the petition and affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JERRY L. SMITH, JJ., joined.

Eddie DePriest, Appellant, *Pro Se*.

Paul G. Summers, Attorney General & Reporter; Brent C. Cherry, Assistant Attorney General; William L. Gibbons, District Attorney General; and Tom Hoover, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

On July 12, 1989, the petitioner was convicted of a 1988 first-degree murder, and he received a life sentence on August 4, 1989. His and his co-defendant's convictions were affirmed on appeal. *See State v. Gregory Dewayne Williams*, No. 96 (Tenn. Crim. App., Jackson, Oct. 3, 1990), *perm. app. denied* (Tenn. 1991). In 2003, the petitioner filed the instant petition for *habeas corpus* relief from what he characterized as an illegal sentence. The petitioner claimed that, because the Class X felony law was not in effect at the time of his conviction and sentencing, his Class X sentence is void, and he is entitled to *habeas corpus* relief. We disagree and affirm the summary dismissal of the petition.

The legal issues raised on denying a *habeas corpus* hearing are questions of law, and our review of questions of law is *de novo*. *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000) ("[W]hether to grant the petition [for *habeas corpus* relief] is a question of law that we review *de*

*novo.*"); *State v. Hill*, 954 S.W.2d 725, 727 (Tenn. 1997) (question of law reviewed on appeal *de novo*).

Habeas corpus relief is available only when the aggrieved party's conviction is void or the sentence has expired. *See Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). The petitioner in the present case makes no allegation that his sentence has expired; he only claims that his sentence, and hence his conviction judgment, is void.

A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Id.*; *see State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Because in this case the trial court apparently had jurisdiction over the *actus reus*, the subject matter, and the person of the petitioner, the petitioner's jurisdictional issue is limited to the claim that the court was without authority to enter the judgment. *See Anglin*, 575 S.W.2d at 287 ("'Jurisdiction' in the sense here used, is not limited to jurisdiction of the person or of the subject matter but also includes lawful authority of the court to render the particular order or judgment whereby the petitioner has been imprisoned."); *see also Archer*, 851 S.W.2d at 164; *Passarella*, 891 S.W.2d at 627.

The invalidity of the sentence itself, as well as the broader invalidity of the conviction, results in a void judgment and is a sufficient basis for *habeas corpus* relief. *See Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (a void sentence, as well as a void conviction, may result in a void judgment and be the subject of a *habeas corpus* proceeding).

To support a claim for *habeas corpus* relief, however, the illegality of a sentence must be egregious to the point of voidness. *Cox v. State*, 53 S.W.3d 287, 292 (Tenn. Crim. App. 2001). An "illegal" sentence equates to a "jurisdictional defect." *McLaney v. Bell*, 59 S.W.3d 90, 92 (Tenn. 2001). When "the face of the judgment or the record of the underlying proceedings shows that the . . . sentence is illegal, such sentence creates a void judgment for which *habeas corpus* relief is available." *Id.* at 91. Thus, an illegal, jurisdictionally defective sentence is one that is "in direct contravention of the sentencing act." *Id.* at 93. Such a sentence is void when it appears on the face of the record of the underlying proceeding and is justiciable in a *habeas corpus* proceeding.

In the present case, the petitioner essentially contends that the Class X Felony sentencing law was no longer in effect at the time of his crime and conviction and that his Class X felony sentence was illegal and void. The petitioner's claims about the efficacy of Class X sentencing at the time of his offense and conviction are ill founded, however. At the time of the petitioner's convictions, first-degree murder was a Class X felony. Tenn. Code Ann. § 39-1-702(1) (1982) (repealed 1989). The Tennessee Reform Act of 1982 stated that it governed the sentence, release eligibility, and manner of service of Class X felonies committed on or after July 1, 1982. *Id.* § 40-35-112(b)(1)-(2) (1982) (repealed 1989). The Comprehensive Correction Improvement Act of 1985 applied the provisions of the Tennessee Reform Act of 1982 regarding the release eligibility date, manner of service and of release, and parole to defendants who committed Class X felonies before July 1, 1982. Comprehensive Correction Improvement Act of 1985, ch. 5, §§ 7-8, 1985 Tenn.

Pub. Acts 22, 23. It also extended eligibility for sentence reduction credits to Class X felons. *Id*., ch. 5, § 12(c)(2)-(3), 1985 Tenn. Pub. Acts 22, 25. Thus, neither of these acts repealed the Class X classification. They merely required sentencing for Class X felonies to be under the 1982 Act. *See Jerry L. Johns v. State*, No. E1999-00260-CCA-R3-CD, slip op. at 2-3 (Tenn. Crim. App., Knoxville, Mar. 9, 2000). The Class X designation of offenses was not repealed until the enactment of the 1989 sentencing code, which became effective on November 1, 1989, approximately two months after the petitioner was sentenced. *See* Acts 1989, ch. 591, § 1. In the present case, the trial court correctly proceeded pursuant to the 1982 law, which embraced the Class X classification. Thus, the petitioner's claim of sentence illegality is without foundation, and he presented no claim to *habeas corpus* relief. *See Jerry L. Johns*, slip op. at 3.

Furthermore, we hold that the court below properly dismissed the petition summarily without appointing counsel. A summary dismissal is authorized when "the plaintiff would not be entitled to any relief." Tenn. Code Ann. § 29-21-109 (2000). Although counsel should be appointed when issues presented in the petition could be the basis of *habeas corpus* relief if supporting facts were properly developed and proven, *see McLaney,* 59 S.W.3d at 94-95, that does not appear to be the petitioner's case, *see Randall Carver v. State*, No. M2002-02891-CCA-R3-CO, slip op. at 4 (Tenn. Crim. App., Nashville, May 16, 2003) (summary dismissal of *habeas corpus* petition and failure to appoint counsel affirmed when the record "is sufficient to show that the petitioner's claims do not entitle him to relief," distinguishing *McLaney*).

The judgment below is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE