IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 4, 2004

**ANTHONY K. GOODS v. TONY PARKER, WARDEN**

**Appeal from the Circuit Court for Lake County**
**No. 03-CR-8494      R. Lee Moore, Jr., Judge**

---

**No. W2003-02914-CCA-R3-HC  - Filed October 13, 2004**

---

The petitioner, Anthony K. Goods, appeals the Lake County Circuit Court's dismissal of his petition for *habeas corpus* relief.  We affirm in part and reverse in part.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is Reversed and Case Remanded.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JERRY L. SMITH, JJ., joined.

Anthony K. Goods, Appellant, *Pro Se*.

Paul G. Summers, Attorney General & Reporter; and Helena Walton Yarbrough, Assistant Attorney General, Nashville, Tennessee, for the Appellee, State of Tennessee.

**OPINION**

On November 3, 2003, the petitioner filed a petition for *habeas corpus* relief attacking his 1996 Shelby County Criminal Court convictions of especially aggravated robbery, second-degree murder, theft, and attempt to commit second-degree murder.  All convictions were the results of guilty pleas accepted on June 6, 1996.  The petition alleged that the plea agreement called for concurrent sentences of 45 years for especially aggravated robbery, 55 years for second-degree murder, 12 years for theft, and 30 years for attempted second-degree murder.  The petitioner was designated a persistent offender.  The petition claimed that, due to incompleteness, the underlying conviction judgments were void.  Further, the petition claimed that the trial court exceeded its jurisdiction by imposing concurrent, as opposed to mandatory consecutive sentences.

The petitioner attached copies of his conviction judgments to his petition.  They reflect that the petitioner pleaded guilty to each charge, but in none of the judgments did the trial court mark the box to indicate that the petitioner "is found . . . guilty."  On the other hand, each judgment recited the charge by name, proscriptive Code section, and class and date of offense.  Each sentence was fully described on the judgment form.  Below the sentencing information on each

judgment form, except for the attempted second-degree murder judgment, the trial court marked the box to indicate: "The Defendant having been found guilty is rendered infamous . . . ." The trial judge signed and entered the judgments.

The court below denied *habeas corpus* relief, and the petitioner appeals that ruling. The main thrust of the petitioner's claims on appeal is that the court below erred in denying *habeas corpus* relief and in any event erred in dismissing the petition without the appointment of counsel and a hearing.

The legal issues raised in *habeas corpus* hearings are questions of law, and our review of questions of law is *de novo*. *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000) ("[W]hether to grant the petition [for *habeas corpus* relief] is a question of law that we review *de novo*."); *State v. Hill*, 954 S.W.2d 725, 727 (Tenn. 1997) (question of law reviewed on appeal *de novo*).

*Habeas corpus* relief is available only when the aggrieved party's conviction is void or the sentence has expired. *See Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). The petitioner in the present case makes no allegation that his sentences have expired; he only claims that his sentences, and hence his conviction judgments, are void.

A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Id.*; *see State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Because in this case the trial court apparently had jurisdiction over the *actus reus*, the subject matter, and the person of the petitioner, the petitioner's jurisdictional issue is limited to the claim that the court was without authority to enter the judgment. *See Anglin*, 575 S.W.2d at 287 ("'Jurisdiction' in the sense here used, is not limited to jurisdiction of the person or of the subject matter but also includes lawful authority of the court to render the particular order or judgment whereby the petitioner has been imprisoned."); *see also Archer*, 851 S.W.2d at 164; *Passarella*, 891 S.W.2d at 627.

First, we examine the petitioner's claim that the judgments are void because they fail to set forth findings of guilty as required by Tennessee Rule of Criminal Procedure 32(e). *See* Tenn. R. Crim. P. 32(e) ("A judgment of conviction shall set forth the plea, the verdict or findings, and the adjudication and sentence."); *see also* Tenn. Code Ann. § 40-35-209(e) (2003) (requiring district attorney general to complete the judgment form, including an indication of the "type of offense for which the defendant was charged and convicted").

This court has said, "The information which is required to be included in the judgment form is standard[,] and it is mandatory that each judgment form contain this information." *State v. Harry Mark Hurley*, No. 233, slip op. at 5 (Tenn. Crim. App., Knoxville, Aug. 3, 1988), *perm. app. denied* (Tenn. 1988). This statement, however, is of dubious import because, in *Harry Mark Hurley*, this court on direct appeal, after noting the trial court's failure to express in the judgment a finding of guilty, said that the "judgment of the trial court is affirmed on the merits but not as to its form." *Id.*, slip op. at 6. The court remanded the case to the trial court for the

amendment of the existing judgment. *Id.* Because the *Harry Mark Hurley* court was adjudicating a direct appeal as opposed to a collateral attack upon the conviction judgment, it is difficult to tell whether the court viewed the judgment as void, merely voidable, or simply benign clerical error.

In our view, the judgments in the present case are merely voidable. Each judgment form taken as a whole conveys complete information about the conviction offense, including the guilty plea and the details of the sentence. Although only three of the judgments acknowledge that the defendant is rendered infamous based upon his "having been found guilty," we do not conclude that the failure to include this statement on the attempt to commit second-degree murder judgment so distinguishes it from the others as to render it void. Given the facts of this case, we conclude that the judgments substantially declare the designated convictions even though they may be voidable because the court did not fill in the blanks for specifically expressing a finding of guilty. A defect in the conviction proceedings which renders the judgment merely voidable is not subject to collateral attack. *See Archer*, 851 S.W.2d at 163. Thus, we conclude that the trial court properly dismissed the *habeas corpus* claim that the judgments were void due to their incompleteness.

We now address the second claim that the four sentences imposed on June 6, 1996 are void. The petitioner claims that the trial court was required to run the four sentences consecutively, based upon the especially aggravated robbery, second-degree murder, and attempted second-degree murder occurring while the petitioner was on bail on the theft charge, which resulted in the fourth June 6, 1996 conviction. The petitioner claims that imposing concurrent sentences rendered them void. The petitioner relies upon Tennessee Code Annotated section 40-20-111(b), which provides:

> [When] a defendant commits a felony while such defendant was released on bail . . . , and the defendant is convicted of both offenses, the trial judge shall not have discretion as to whether the sentences shall run concurrently . . . but shall order that such sentences be served cumulatively.

Tenn. Code Ann. § 40-20-111(b) (2003); *see also* Tenn. R. Crim. P. 32(c)(3) (requiring consecutive service of a sentence "for a felony where the defendant was released on bail" with the sentence for the pre-bail offense, when "the defendant is convicted of both offenses").

To be sure, the invalidity of the sentence itself, as well as the broader invalidity of the conviction, results in a void judgment and is a sufficient basis for *habeas corpus* relief. *See Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (a void sentence, as well as a void conviction, may result in a void judgment and be the subject of a *habeas corpus* proceeding).

To support a claim for *habeas corpus* relief, however, the illegality of a sentence must be egregious to the point of voidness. *Cox v. State*, 53 S.W.3d 287, 292 (Tenn. Crim. App. 2001). On the other hand, in *McLaney v. Bell*, 59 S.W.3d 90 (Tenn. 2001), our supreme court, in addressing convictions that expressed inapposite sentencing terms, said that an "illegal" sentence equates to a

"jurisdictional defect." *Id*. at 92. The court stressed that when "the face of the judgment or the record of the underlying proceedings shows that the . . . *sentence* is illegal, such *sentence* creates a void judgment for which *habeas corpus* relief is available." *Id*. at 91 (emphasis added). Thus, an illegal, jurisdictionally defective sentence is one that is "in direct contravention" of the sentencing act. *Id*. at 94. Such a sentence is void when it appears on the face of the record of the underlying proceeding and is justiciable in a *habeas corpus* proceeding.

First, we discern no jurisdictional flaw in the trial court's imposing the especially aggravated robbery, second-degree murder, and attempted second-degree murder sentences to run concurrently to one another. Code section 40-20-111(b)'s mandate of consecutive sentencing addresses the alignment between the sentence in the pre-bail offense and the aggregate sentence in the offenses that occurred while the offender was on bail. Nothing in the statute requires consecutive service among the sentences of the post-bail offenses.

That said, however, we discern that the conviction court may have exceeded its jurisdiction in imposing the sentence in the theft conviction – the pre-bail offense – to run concurrently with the sentences for the three post-bail offenses. For this reason, the *habeas corpus* court erred in failing to appoint counsel to represent the petitioner and in failing to conduct a *habeas corpus* hearing.

This result is dictated by *McLaney*, in which the *habeas corpus* petitioner complained that his concurrent alignment of a sentence for a pre-bail offense with sentences for post-bail offenses was void. *See McLaney,* 59 S.W. 3d at 92. Apparently, McLaney bargained for and obtained a global plea agreement that embraced sentences for aggravated rape (the pre-bail offense) and for rape and burglary (the post-bail offenses). *See State v. Jackie W. McLaney*, No. 74 (Tenn. Crim. App., Knoxville, Mar. 31, 1988) (on McLaney's appeal from denial of post-conviction relief, appellate court reveals that, even though the guilty plea to aggravated rape was entered two days before the guilty pleas to rape and burglary, the various pleas were part and parcel of one plea agreement). In *McLaney*, the supreme court said that, "if the facts [were] as alleged, the trial court imposed a sentence in direct contravention of the sentencing act . . . [and] this would create an illegal sentence." *McLaney*, 59 S.W.3d at 93. Despite McLaney's *habeas corpus* allegations of such a void sentence, the *habeas corpus* court declined to appoint counsel or to afford him a hearing. The supreme court reversed and required the *habeas corpus* court to determine whether "the record of the underlying proceedings clearly showed that the latter rape and burglary offenses were committed while McLaney was on bail." *Id*. at 94. Furthermore, the *McLaney* court directed that should the *habeas corpus* court find that to be the case – with the result that the sentences in the latter cases would be void – "on remand to the original convicting trial court, a guilty plea may be withdrawn." *Id*. at 95. The court reasoned that because "McLaney entered into his guilty plea in exchange for a concurrent sentence which was, in actuality, illegal, . . . [he] is entitled to withdraw the plea." *Id*. (citations omitted).

In pertinent particulars, the current petitioner's case, as alleged, tracks that of McLaney. He alleged that he entered into a global plea agreement – one that embraced both the

bailed offense and the post-bail offenses.  The agreement specified that the sentence for the alleged bailed offense was imposed to run concurrently with each of the sentences for the alleged post-bail sentences.  If true, the petitioner's sentences would directly contravene Tennessee Code Annotated section 40-20-111(b), resulting in a void sentence pursuant to *McLaney*.  *McLaney* requires that the petitioner have the opportunity, through the appointment of counsel and an evidentiary hearing, to establish the claims he alleges in his petition.

Accordingly, the order of the *habeas corpus* court is reversed and the case is remanded.  The court shall appoint counsel to represent the petitioner,  afford the petitioner a hearing, and take any other actions as may be warranted by the principles enunciated in *McLaney*.

_____
JAMES CURWOOD WITT, JR., JUDGE