IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 5, 2005

## RANDY L. MAY v. KEVIN MYERS, WARDEN

**Appeal from the Circuit Court for Wayne County**
**No. 13464     Robert L. Jones, Judge**

---

**No. M2004-01957-CCA-R3-HC - Filed August 10, 2005**

---

The petitioner, Randy L. May, sought a writ of *habeas corpus* from the Wayne County Circuit Court, claiming that his 1981 life sentence had been rendered void by the Board of Probation and Parole's order that not only denied parole but also mandated, according to the petitioner, that he serve the balance of his sentence. The circuit court granted the state's motion to dismiss the petition without a hearing, and the petitioner appealed. We affirm the dismissal of the petition.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which DAVID H. WELLES and J.C. MCLIN, JJ., joined.

Randy L. May, Appellant, *Pro Se*.

Paul G. Summers, Attorney General & Reporter; Brent C. Cherry, Assistant Attorney General; T. Michel Bottoms, District Attorney General; and Helena Walton Yarbrough, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

The petition alleges that in 1981 the Hamblen County Circuit Court sentenced the petitioner to a life sentence that, according to the applicable law at the time, was subject to parole. The petitioner apparently appeared before the Board of Probation and Parole on February 6, 2002. The petition alleges that on March 4, 2003, the Board denied parole and "ordered the Petitioner to 'Serve Balance of Sentence.'" However, the copy of the "Notice of Board Action" attached to the petition merely sets forth a checked box beside the printed statement, "Decline Balance of Sentence." The state moved to dismiss the petition on the basis that the claim for relief was not cognizable in an action for a writ of *habeas corpus*, and the petitioner filed a timely notice of appeal.

The legal issues raised on denying a *habeas corpus* petition are questions of law, and our review of questions of law is *de novo*. *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)

("[W]hether to grant the petition [for *habeas corpus* relief] is a question of law that we review *de novo*.");  *State v. Hill*, 954 S.W.2d 725, 727 (Tenn. 1997) (question of law reviewed on appeal *de novo*).

*Habeas corpus* relief is available only when the aggrieved party's conviction is void or the sentence has expired.  *See Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993).  The petitioner in the present case makes no allegation that his sentence has expired; he claims that the Board of Probation and Parole's pretermission of further parole consideration renders his sentencing judgment void.

A void conviction is one which strikes at the jurisdictional integrity of the trial court.  *Id.*; *see State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979) ("'Jurisdiction' in the sense here used, is not limited to jurisdiction of the person or of the subject matter but also includes lawful authority of the court to render the particular order or judgment whereby the petitioner has been imprisoned."); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The invalidity of the sentence itself, as well as the broader invalidity of the conviction, results in a void judgment and is a sufficient basis for *habeas corpus* relief.  *See Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (a void sentence, as well as a void conviction, may result in a void judgment and be the subject of a *habeas corpus* proceeding).

A summary dismissal of a petition for *habeas corpus* relief is authorized when "the plaintiff would not be entitled to any relief."  Tenn. Code  Ann. § 29-21-109 (2000).  Although counsel should be appointed when issues presented in the petition could be the basis of *habeas corpus* relief if supporting facts were properly developed and proven, *see McLaney v. Bell*, 59 S.W.3d 90, 94-95 (Tenn. 2001), the court may summarily dismiss the petition without the appointment of counsel when it sets forth no facts supporting the issuance of the writ, *Randall Carver v. State*, No. M2002-02891-CCA-R3-CO, slip op. at  4 (Tenn. Crim. App., Nashville, May 16, 2003) (summary dismissal of *habeas corpus* petition and failure to appoint counsel affirmed when the record "is sufficient to show that the petitioner's claims do not entitle him to relief"; distinguishing *McLaney* ).

"Parole is a privilege and not a right."  *James R. Miller v. State*, No. 03C01-9608-CR-00288, slip op. at 5 n.2 (Tenn. Crim. App., Knoxville, Oct. 10, 1997).  Moreover, "[r]elease eligibility for a felon establishes only eligibility for release and is not an absolute right."  *Id.*  A prisoner's attainment of release eligibility does not equate to his serving his sentence and provides no entitlement to immediate release. *Carl Ed Leming v. State*, No. 03C01-9603-CC-00119, slip op. at 3 (Tenn. Crim. App., Knoxville, Apr. 22, 1997).  Additionally, "parole board decisions are reviewable only by a petition for writ of *certiorari* which must be filed within sixty days." *James R. Miller*, slip op. at 5 n.2.

To support his claim that the parole board's decision effectively annulled his sentencing judgment, the petitioner relies primarily upon *Baldwin v. Tennessee Board of Paroles*,

125 S.W.3d 429 (Tenn. Ct. App. 2003). In *Baldwin*, the Court of Appeals overturned a parole board decision to defer further parole hearings for Baldwin for a period of 20 years. The court said,

> [T]he Board's decision constitutes an arbitrary withdrawal of the power to parole from future Board members, and . . . a twenty-year deferral would undermine the very provisions of the parole statutes that empower the Board to grant parole. In addition, the essential effect of the Board's action is to change Mr. Baldwin's sentence to life without parole, contrary to what the Legislature intended. We think Mr. Baldwin has stated a cause of action which entitles him to the writ of certiorari. Therefore, we reverse the chancellor's order dismissing his claim that the Board acted arbitrarily in deferring the next consideration of parole for him for twenty years.

*Id.* at 434.

The legal fallacy in the petitioner's claim is that he sought the issuance of a writ of *habeas corpus* and not that of *certiorari*. The petitioner in *Baldwin* sought a direct review of the parole board's action via a petition for a writ of *certiorari*, the prescribed and exclusive manner for challenging such actions. *See* Tenn. Code Ann. § 40-28-115 (2003); *James R. Miller*, slip op. at 5 n.2. Conversely, the present petitioner's collateral challenge via *habeas corpus* is not sustainable. His sentence has not expired, and he alleges no jurisdictional infirmity in his conviction judgments that would afford a basis for *habeas corpus* relief. Thus, even if the parole board's action may be fairly characterized as requiring him to serve the balance of his sentence without further parole consideration, and even if such action may be deemed arbitrary per *Baldwin*, the claim is not cognizable in the manner presented.

Finally, we note that in his reply brief, the petitioner claimed that the parole board's action effectively rendered his guilty plea involuntary and unknowing. This claim, however, is also not cognizable in a *habeas corpus* proceeding. Judgments resulting from involuntary or unknowing guilty pleas are merely voidable and are subject to attack via a petition for post-conviction relief, not one for *habeas corpus* relief. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993).

Therefore, the judgment of the circuit court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE