## STROUP *v.* PRUDEN.

1. Where one accused of violating a city ordinance was tried and convicted in a municipal court presided over by a person acting as mayor of the city, and a certiorari was sued out by the accused to set the conviction aside, the municipal corporation, and not the individual acting as mayor, was the proper party defendant in error to a bill of exceptions brought to this court for the purpose of reviewing a judgment of the superior court overruling the certiorari.
2. The writ of error in the present case must be dismissed for want of a proper party defendant in error.
(*a*) If the person by whom the plaintiff in error was tried and sentenced in the municipal court was, as he alleges in his petition for certiorari, not the mayor of the city, but a mere usurper, the remedy of the accused, if imprisoned under the pretended sentence so imposed upon him, was the writ of habeas corpus, and not certiorari.

Argued June 7, — Decided July 18, 1898.

Practice in Supreme Court.

*J. A. Longley* and *John W. Akin*, for plaintiff in error.
*R. J. & J. McCamy*, contra.

FISH, J. The plaintiff in error, Stroup, was convicted and sentenced for violating an ordinance of the City of Dalton, requiring all persons within the corporate limits to be vaccinated. The trial was had before W. H. Pruden, who claimed to be mayor, and was exercising the functions of the mayor's office. Stroup sued out a certiorari to reverse the judgment of conviction rendered by Pruden. One of the main points made in the petition for certiorari was, that, for various reasons, Pruden was not the mayor of the city, but a mere usurper of the office. The certiorari was overruled, and Stroup undertook to bring the case to this court for review. In his bill of exceptions he named Pruden as the defendant in error, instead of the Mayor and Council of Dalton. Upon this bill of exceptions there is an acknowledgment of service, signed by counsel for "deft. in error," viz., W. H. Pruden. It is obvious that Pruden, as an individual, is not a proper party defendant to the bill of exceptions, but that the municipal corporation itself should have been designated as the defendant in error, and service should have been made accordingly. It follows as a necessary consequence that the writ of error must be dismissed.

But even if the case had been properly brought to this court, and it unequivocally appeared that, as alleged by Stroup in his petition for certiorari, he was sentenced by a person who was a mere usurper of the mayor's office and therefore had no right whatever to try petitioner, it would seem that his remedy, if imprisoned under the pretended sentence imposed by Pruden, would have been to sue out a writ of habeas corpus, and not endeavor by certiorari to correct the errors of a mere individual who was in no sense a judicial officer.

*Writ of error dismissed. All the Justices concurring.*