STATE, *ex rel.* CHARLES COHEN v. ROBERT W. MILBURN, as Chief of Police of the District of West Palm Beach.

159 So. 529.

Opinion Filed February 9, 1935.

*Elmore Cohen,* for Plaintiff in Error.

DAVIS, J.—This is a writ of error from a final judgment in habeas corpus remanding the plaintiff in error to custody under a commitment issued by the Judge of the Municipal Court of the District of West Palm Beach, pursuant to a trial and conviction of petitioner before said court on a charge of having violated Ordinance No. 268 of the City of West Palm Beach, which ordinance was, by virtue of Section 149 of Chapter 16759, Laws of Florida, Acts of 1933, made an ordinance to be enforced within the territorial limits of the District of West Palm Beach.

The contention of the appellant is that the commitment was void in that it was emanated from a Municipal Court existing under and by virtue of Chapter 16759, Acts of 1933, only in a special taxing district designated as the "District" of West Palm Beach and not existing in any municipality known as the "City of West Palm Beach." It is argued that by reason of this circumstance, Chapter 16759, Acts of 1933, undertaking to create a Municipal Court in the so-called "District" of West Palm Beach is unconstitutional and that the processes of said court, including its commitments, are void, for the reason that the Legislature is without power to create a municipal court in a special taxing district such as Chapter 16759, Acts of 1933, purports to set up and to vest with municipal powers in succession to the previously existing municipality of West Palm Beach.

Chapter 16758, Acts of 1933, which abolished the former municipality of West Palm Beach and created and established a new municipality to be known as the City of West Palm Beach is in *pari materia* with Chapter 16759, Acts of 1933, purporting to set up a separate taxing district superimposed over the same territory to be known as the District of West Palm Beach. Both said Acts taken together pro-

vide for the exercise of municipal functions in identical territory.

And under said Acts it is provided that the pre-existing ordinances of the City of West Palm Beach shall be enforced within designated territory which, if within the limits of the District of West Palm Beach, is necessarily also within the territorial limits of the City of West Palm Beach as re-established and continued in existence as a municipal corporation by Chapter 16758, *supra.*

Likewise the Court described as the Municipal Court of the District of West Palm Beach under Chapter 16759, *supra,* is in form and substance a municipal court that is invested with jurisdiction to act as such and to exercise jurisdiction as a municipal court in territory which is by law made territory co-terminous with the territorial jurisdiction of the municipal corporation described in the statutes as the City of West Palm Beach.

It therefore appears from the facts of the controversy now before us that there is in legal existence a municipality described by statute as the City of West Palm Beach; that the territorial jurisdiction of such city has been fixed by law; that within the identified territorial jurisdiction of the City of West Palm Beach as so fixed by law, is a Municipal Court which is invested by law with the judicial power of a municipal court to enforce ordinances theretofore admittedly adopted and in effect as ordinances of the municipality of West Palm Beach; that plaintiff in error has been tried, found guilty and committed to custody by a municipal court actually functioning as such under color of law in territory that is admittedly within the territorial jurisdiction of a municipality known as the City of West Palm Beach, although it is also within territory that likewise is described as the District of West Palm Beach; that the

ordinance for violation of which he has been found guilty and sentenced in the Municipal Court of the District of West Palm Beach is an ordinance admittedly adopted and promulgated as an ordinance of the City of West Palm Beach; that it was adopted for application within the territorial limits of the municipality continued in existence as the City of West Palm Beach, and is being enforced only in such territory.

The Municipal Court of the District of West Palm Beach under the circumstances appearing in this case is at least a *de facto* municipal court of the City of West Palm Beach, because it judicially serves the same territory as that occupied by the City of West Palm Beach and exercises authority to enforce the ordinances of the municipality of West Palm Beach. Accordingly the acts and judgments of the Municipal Court of the District of West Palm Beach are not absolutely void, nor is the title or right to the office of Judge of said Court subject to collateral attack on habeas corpus. *Ex Parte:* Ward, 173 U. S. 462, 19 Sup. Ct. 459, 43 L. Ed. 765; Plymouth v. Painter, 17 Conn. 585, 44 Am. Dec. 574; *In Re*s Corum, 62 Kan. 271, 52 Pac. Rep. 661, 84 A. S. R. 382; State v. Vailey, 106 Minn. 138, 118 N. W. Rep. 676, 130 A. S. R. 592, 16 Ann. Cas. 338, 19 L. H. A. (N. S.) 775.

The judgment remanding the prisoner to custody should be affirmed on the authorities just cited and such will be the judgment of this Court in the premises.

Affirmed.

WHITFIELD, C. J., and BROWN, J., concur.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.