**STATE of Tennessee ex rel. Randy ANGLIN et al., Petitioners,**

v.

**Sammi MITCHELL, Superintendent of the Tennessee Reception and Guidance Center and C. Murray Henderson, Commissioner of the Tennessee Department of Corrections, Respondents.**

**STATE of Tennessee ex rel. Timothy ANGLIN et al., Petitioners,**

v.

**Howard G. COOK, Superintendent of the Spencer Youth Center, and C. Murray Henderson, Commissioner of the Tennessee Department of Corrections, Respondents.**

Supreme Court of Tennessee.

Jan. 2, 1979.

285

Jerry Black, Knoxville, for petitioners.

Robert A. Grunow, Asst. Atty. Gen., Nashville, for respondents; Brooks McLemore, Jr., Atty. Gen., Nashville, of counsel.

## OPINION

BROCK, Justice.

### I

This is a habeas corpus proceeding in which the relators, two juveniles, seek to set aside judgments of the juvenile court for Hickman County, Tennessee, adjudging them to be delinquent and committing them to the custody of the State Department of Corrections. The grounds of their attack are (1) that they were denied their constitutional right to the assistance of counsel, (2) that their guilty pleas were not voluntarily and knowingly entered and (3) that their trial before the juvenile court violated their due process rights under the Fourteenth Amendment to the Constitution of the United States and Article I, Section 8, of the Constitution of Tennessee in that the judge of that court was not a lawyer.

After their commitment pursuant to the judgments and while they were temporarily detained in Davidson County, the relators filed petitions for habeas corpus in the Chancery Court for Davidson County. The Chancellor conducted an evidentiary hearing and concluded that the relators had voluntarily and knowingly waived their right to counsel before the juvenile court and had voluntarily and knowingly entered pleas of guilty at the hearing before that court. With respect to the claim of a denial of due process because the juvenile court judge was not a lawyer, the Chancellor held that although the trial of relators by a non-lawyer judge did not violate their rights under the Fourteenth Amendment, it did constitute a violation of their rights under the law of the land clause of Article I, Section 8, of the Constitution of Tennessee. Accordingly, he ordered that the writs of habeas corpus be granted. Both the relators and the respondents excepted to the decree of the Chancellor and perfected appeals to the Court of Appeals.[1]

The Court of Appeals held that the Chancery Court had subject matter jurisdiction of the issues raised but that habeas corpus was not a permissible remedy for determining whether relators had been denied their right to counsel at the hearing before the juvenile court or had entered guilty pleas involuntarily. Those errors, reasoned the Court, were:

> appeals in these cases and, accordingly, remanded the cases to the Court of Appeals for disposition on their merits, including a decision whether the Chancery Court had subject matter jurisdiction of habeas corpus under the facts of this case.

---

1. Initially, the Court of Appeals held that it had no jurisdiction to hear the appeals and transferred the cases to the Court of Criminal Appeals. This Court reviewed that order by petition for common law certiorari and supersedeas, concluded that the Court of Appeals, not the Court of Criminal Appeals, had jurisdiction of the

" . . . errors of law and fact to be reviewed by appeal to the circuit court. T.C.A. § 37–258. It is established law that the writ of habeas corpus is not an instrument to be used in lieu of appeal. (Citations omitted.)"

With respect to the issue concerning the competency of the non-lawyer juvenile court judge, the Court of Appeals concluded that (1) this issue had been waived by failure of the relators to object to the competency of the judge at the hearing in the juvenile court and that, in any event, (2) even if Article I, Section 8, of the Constitution of Tennessee requires that a juvenile court judge be a lawyer, a trial and entry of judgment by a judge who is not a lawyer would not be absolutely void for that reason and, therefore, that the writ of habeas corpus is not a proper remedy for presenting that issue.

This Court granted certiorari review to determine whether the juvenile relators may employ the remedy of habeas corpus to attack the judgment of the juvenile court upon the grounds asserted.

II

A person who is restrained of his liberty by reason of a judgment may attack that judgment upon grounds that it is void and seek his release from custody by means of the writ of habeas corpus. *Giles v. State ex rel. Giles,* 191 Tenn. 538, 235 S.W.2d 24 (1950).

Since only a void judgment may be attacked by the remedy of habeas corpus, the question presented is always one of jurisdiction, that is, whether the order, judgment or process under attack comes within the lawful authority of the court or judge rendering or issuing it. *Henry v. Henkel,* 235 U.S. 219, 35 S.Ct. 54, 59 L.Ed. 203 (1914); *State ex rel. Holbrook v. Bomar,* 211 Tenn. 243, 364 S.W.2d 887 (1963); *Giles v. State ex rel. Giles, supra.* As held by the Court of Appeals in this case, the writ does not lie to correct mere errors and irregularities committed by a court that is acting within its jurisdiction, that is, errors which fall short of depriving the court of

jurisdiction. *State ex rel. Holbrook v. Bomar, supra.* Only those defects which are recognized as rendering absolutely void the proceedings whereby the petitioner is imprisoned may be reached by habeas corpus. *State ex rel. Reed v. Heer,* 218 Tenn. 338, 403 S.W.2d 310 (1966); *State ex rel. Newson v. Henderson,* 221 Tenn. 24, 424 S.W.2d 186 (1968). The writ reaches jurisdictional error only; it is not available to serve the purpose of an appeal or writ of error.

"A habeas corpus proceeding is not one where the record is brought up or where one has a trial on the merits but in a habeas corpus proceeding one is entitled only to a hearing on such matters affecting his constitutional rights as alleged in his petition." *State ex rel. Newson v. Henderson,* 424 S.W.2d at 188.

*See also Jackson v. Maxwell,* 174 Ohio St. 32, 186 N.E.2d 725 (1962); Annot., 76 A.L.R. 469 (1932).

"Jurisdiction" in the sense here used, is not limited to jurisdiction of the person or of the subject matter but also includes lawful authority of the court to render the particular order or judgment whereby the petitioner has been imprisoned. Although the court had jurisdiction of the subject matter and of the person of the petitioner, its judgment may, nevertheless, be void and, therefore, subject to attack by habeas corpus because certain fundamental constitutional rights of the prisoner were violated during the course of the proceedings leading to his conviction. Moreover, failure of the defendant to appeal does not foreclose his right to raise such fundamental errors by the remedy of habeas corpus. *Sunal v. Large,* 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947). *See also* 39 C.J.S. *Habeas Corpus* § 37 (1976) and cases there cited.

A court's jurisdiction at the beginning of a trial may be lost in the course of the proceedings due to its failure to afford the defendant due process of law. *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); *Lynch v. State ex rel. Killebrew,* 179 Tenn. 399, 166 S.W.2d 397 (1942).

" . . . a petition alleging sufficient facts to establish that petitioner's conviction was void because of alleged denial of constitutional rights, Federal or State, necessitates a trial of those facts under the aforesaid Act. The attack on a criminal judgment on the grounds that it is void because of lack of constitutional due process deserves particular scrutiny. . . . As was stated, . . . in *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963):

> 'It is of the historical essence of habeas corpus that it lies to test proceedings so fundamentally lawless that imprisonment pursuant to them is not merely erroneous but void.' " *State ex rel. Red v. Heer,* 403 S.W.2d at 312.

It must be noted, however, that not every violation of a constitutional provision or denial of a fundamental right during the course of a judicial proceeding constitutes grounds for habeas corpus; the error must be such as to render the whole proceeding void. Thus, if the right to due process of law is left unimpaired or the error alleged is not jurisdictional or is not prejudicial to the prisoner, there is no ground for habeas corpus although constitutional provisions may have been violated. *See* 39 C.J.S. *Habeas Corpus* § 37 (1976).

### III

The right to counsel in any judicial proceeding which may result in the loss of liberty of the defendant is so fundamental that it is an essential prerequisite of jurisdiction. *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); *In Re Gault,* 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). Therefore, the denial of this right operates to render a judgment against a defendant absolutely void and he may, if imprisoned under such a judgment, obtain his release by habeas corpus. *Gideon v. Wainwright, supra. State ex rel. Richmond v. Henderson,* 222 Tenn. 597, 439 S.W.2d 263 (1969); *State ex rel. Barnes v. Henderson,* 220 Tenn. 719, 423 S.W.2d 497 (1968); *State ex rel. May v. Boles,* 149 W.Va. 155, 139 S.E.2d 177 (1964).

The same is true of a plea of guilty which is not voluntarily and knowingly entered.

"It is of course well settled that a guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void and a conviction based upon such a plea is open to collateral attack. [Citation omitted.] If either of the guilty pleas here for consideration by the Court was involuntarily coerced, unfairly obtained, or given through ignorance, fear, or inadvertence, then such plea was not voluntarily and understandingly given and its acceptance by the State Court would have been a violation of the defendant's right of due process of law under the Fourteenth Amendment of the United States Constitution. [Citation omitted.] An involuntary or mistaken plea of guilty entered in a state criminal proceeding would entitle a prisoner committed thereunder to federal habeas corpus relief." *Rigby v. Russell,* 287 F.Supp. 325, 331 (E.D.Tenn.1968).

*Accord, Machibroda v. United States,* 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962); *Henderson v. State ex rel. Lance,* 220 Tenn. 520, 419 S.W.2d 176 (1967); *State ex rel. Barnes v. Henderson,* 220 Tenn. 719, 423 S.W.2d 497 (1968). A judgment based upon a plea of guilty which was not voluntarily and knowingly entered is void and may be attacked by the remedy of habeas corpus.

A trial judge may be disqualified to hear a particular case for any one of many reasons and most of these grounds for disqualification are not of the fundamental type hereinabove described as sufficient to deprive the court of jurisdiction and, hence, must be raised on appeal and may not be the subject of a habeas corpus proceeding. *See Wood v. Clarke,* 188 Ga. 697, 4 S.E.2d 659, 124 A.L.R. 1077 (1939); *United States ex rel. Doss v. Lindsley,* 148 F.2d 22 (7th Cir. 1945); *Commonwealth ex rel. Miller v. Ashe,* 336 Pa. 228, 8 A.2d 540 (1938); *State ex rel. Cohen v. Milburn,* 118 Fla. 376, 159 So. 529 (1935); *Daniels v. Towers,* 79 Ga. 785, 7 S.E. 120 (1887); 39 C.J.S. *Habeas Corpus* § 44 (1976); 39 Am.Jur.2d *Habeas*

*Corpus* § 50 (1968). *See* Annot., 124 A.L.R. 1080 (1940).

 It is otherwise, however, with respect to those grounds for disqualification which amount to a denial to the defendant of due process of law, such as, trial by judge who has a pecuniary interest in the outcome of the trial, trial by a judge who is an outright usurper of the office, or trial by a judge who is biased. *In Re Canfield,* 26 Ohio N.P., N.S., 465; *Stroup v. Pruden,* 104 Ga. 721, 30 S.E. 948 (1898); *Bransted v. Schmidt,* 324 F.Supp. 1232 (W.D.Wis.1971). In the case before us, it is alleged that trial in the juvenile court by a judge who was not a lawyer has deprived the juvenile relators of their rights under the "law of the land" clause of Article I, Section 8, of the Constitution of Tennessee. Without intimating any opinion one way or the other upon the merits of this claim, but assuming, arguendo, that the claim is a valid one, we conclude that the issue is one of a fundamental nature which may properly be raised by the remedy of habeas corpus. Moreover, we do not agree with the conclusion of the Court of Appeals that the relators have waived their right to raise this issue by their failure to object at the hearing in the juvenile court. As was said in *State ex rel. Barnes v. Henderson,* Tenn., 423 S.W.2d 497, 502 (1968):

> "[W]e indulge every reasonable presumption against waiver of fundamental constitutional rights and do not presume acquiescence in the loss of fundamental rights . . . ."

That is especially true when it is asserted that juveniles without the assistance of counsel have waived their right to "judgment of [their] peers or the law of the land." Article I, Section 8, Constitution of Tennessee.

We conclude that the Court of Appeals erred in the respects hereinabove discussed. Accordingly, the judgment of the Court of Appeals is reversed and this cause is remanded to that court for consideration of the assignments of error upon their merits.

HENRY, C. J., and COOPER and HARBISON, JJ., concur.

FONES, J., filing separate concurring opinion.

FONES, Justice, concurring.

I do not agree with some of the statements in the majority opinion addressing the issue of a non-lawyer juvenile court judge.

First, I have grave reservations that the bare allegation that the juvenile court proceeding was presided over by a non-lawyer judge deprived the juvenile defendants of rights under the "law of the land" clause of Article I, Section 8 of the Constitution of Tennessee is a sufficient predicate to invoke the writ of habeas corpus.

Second, on the question of the effect of failure to raise the issue of the judge's status when the case was before the juvenile court, I would hold that waiver did not result solely because the juveniles did not have assistance of counsel at that time.

Otherwise, I concur in the majority opinion.