IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 27, 2004

## RICHARD HICKEY v. DAVID MILLS, WARDEN

**Appeal from the Criminal Court for Morgan County
No. 8937    E. Eugene Eblen, Judge**

—————————————

**No. E2003-01520-CCA-R3-HC - Filed September 7, 2004**

—————————————

The petitioner, Richard Hickey, appeals the Morgan County Criminal Court's dismissal of his petition for *habeas corpus* relief.  We affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

Joe H. Walker, District Public Defender; and Walter B. Johnson, II, Assistant Public Defender, for the Appellant, Richard Hickey.

Paul G. Summers, Attorney General & Reporter; Brent C. Cherry, Assistant Attorney General; Scott McCluen, District Attorney General; and Roger Delp, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

Through his petition for *habeas corpus* relief, the petitioner attacked his counseled, guilty-pleaded Knox County Criminal Court conviction of possession of cocaine with intent to sell, for which he received an eight-year sentence on April 9, 1997.  The judgment of conviction entered on that date imposed a Range I, Class B conviction of violating Tennessee Code Annotated section 39-17-417, possession of cocaine with intent to sell, and reflects that the petitioner was sentenced in 1997 *in absentia* following his failure to appear at his scheduled 1993 sentencing hearing at which probation was apparently to be considered.  The petitioner acknowledged that he absconded from the reach of the court prior to his 1993 sentencing hearing and remained away until 1999.  Apparently, the petitioner was apprehended and was incarcerated in Knox County in October 2000.  On October 12, 2000, the Knox County Criminal Court amended the 1997 judgment and awarded twelve days' jail credit.   In his petition, the petitioner claimed that, although he agreed to plead guilty and accept a two-year, probated  sentence in 1993 when he had the assistance of counsel,  the

conviction and eight-year sentence were actually imposed on October 12, 2000, when he was not represented by counsel.

The *habeas corpus* court appointed counsel and conducted a hearing. The petitioner testified that he was in jail in Kentucky on April 9, 1997, when the sentence was imposed, and that he was not present in the trial court on October 12, 2000, when the court entered the amended judgment. He testified that he was told in 1993 that he had received two years' probation on the pending cocaine charge. *See* Tenn. Code Ann. §§ 39-17-417(a), (b) (2003) (possession of more than .5 grams of cocaine with intent to sell is Class B felony), 40-35-111(b)(2) (2003) (minimum sentence for Class B offenses established at eight years). When asked during cross-examination if he, in fact, received a two-year sentence for possession of cocaine with intent to sell, he responded, "I thought I did." When asked whether he received probation on April 9, 1993, he again responded, "I thought I did." Although certified copies of the Knox County Criminal Court "records" were offered into evidence in the *habeas corpus* hearing, they do not appear in the appellate record.

The *habeas corpus* court discerned no basis for relief and dismissed the petition. The petitioner now appeals and relies upon the *in absentia* entry of the conviction as the basis for *habeas corpus* relief. Nonetheless, we affirm the denial of *habeas corpus* relief.

*Habeas corpus* relief is available only when the aggrieved party's conviction is void or the sentence has expired. *See Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). The petitioner in the present case makes no allegation that his sentence has expired; he only claims that his conviction judgment is void. A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Id.*; *see State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979) ("'Jurisdiction' in the sense here used, is not limited to jurisdiction of the person or of the subject matter but also includes lawful authority of the court to render the particular order or judgment whereby the petitioner has been imprisoned."). To warrant *habeas corpus* relief, the basis for declaring a judgment void must be "evident on the face of the judgment or the record of the underlying proceedings." *McLaney v. Bell*, 59 S.W.3d 90, 94 (Tenn. 2001).

In the present case, the record before us shows that the petitioner was sentenced in 1997 to a term of eight years in the Department of Correction for the Class B offense of possession of cocaine with intent to sell. Although the petitioner was sentenced *in absentia*, he admitted in his petition that, following his agreement to a guilty plea in 1993, he absconded and remained away from the reach of the trial court until 1999. Moreover, we recognize that, in 1997 when probation was denied and the judgment was entered, the petitioner's voluntary absence from the proceedings could equate to a waiver of his right to be present for the sentencing proceedings. *See, e.g., William T. Kirk v. State*, No. M2002-01460-CCA-R3-CO (Tenn. Crim. App., Nashville, Jan. 31, 2003) (prior to decision in *State v. Far*, 51 S.W.3d 222, 228 (Tenn. Crim. App. 2001), waiver of right to be present for trial proceedings not dependent upon written waiver or oral waiver in open court), *perm. app. denied* (Tenn. 2003). The entry of an "*in absentia*" judgment in this case does not *ipso facto* signify a void judgment.

In passing we note that the petitioner was represented by counsel when the plea agreement was struck in 1993 and, apparently, still had counsel of record when the judgment was entered in 1997. The record fails to establish that the petitioner's Knox County conviction was effected when he had no counsel.

For the foregoing reasons, we hold that the record supports the denial of *habeas corpus* relief, and we affirm the judgment below.

_____
JAMES CURWOOD WITT, JR., JUDGE