IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 7, 2007

## MACARIO CHISM v. TONY PARKER, WARDEN

**Appeal from the Circuit Court for Lauderdale County**
**No. 6126     Joseph H. Walker, III, Judge**

---

**No. W2007-00592-CCA-R3-HC   -   Filed September 21, 2007**

---

The petitioner, Macario Chism, appeals the Lauderdale County Circuit Court's dismissal of his 2007 petition for a writ of habeas corpus. In the petition, the petitioner challenged the validity of his multiple 1993 Shelby County convictions, which were the results of guilty pleas and included convictions of aggravated burglary, aggravated robbery, and aggravated kidnapping. The petition alleged that the petitioner was free on bond on the charge of aggravated burglary when he was arrested for nine of the other offenses, and he claimed that the partial concurrent alignment of the resulting sentences rendered his judgments void. Because the petitioner failed to file a statutorily compliant petition, we affirm the circuit court's dismissal of the petition.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which DAVID H. WELLES and D. KELLY THOMAS, JR., JJ., joined.

Macario Chism, appellant, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter; and David H. Findley, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

Through copies of conviction judgments attached to the petition, the petition claimed that the petitioner entered the following guilty pleas:

| Case Number | Offense | Sentence | Alignment |
|---|---|---|---|
| 93-215123 | Aggravated robbery | 10 years | Consecutive to 93-06456 Concurrent with other counts |
| 93-01310 | Aggravated burglary | 3 years | Concurrent with other counts |

| | | | |
|---|---|---|---|
| 93-06451 | Aggravated robbery | 10 years | Consecutive to 93-06456<br>Concurrent with other counts |
| 93-06452 | Aggravated kidnapping | 10 years | Consecutive to 93-06456<br>Concurrent with other counts |
| 93-06453 | Aggravated robbery | 10 years | Consecutive to 93-06456<br>Concurrent with other counts |
| 93-06454 | Aggravated robbery | 10 years | Consecutive to 93-06456<br>Concurrent with other counts |
| 93-06455 | Aggravated robbery | 10 years | Consecutive to 93-06456<br>Concurrent with other counts |
| 93-06456 | Attempted especially<br>aggravated robbery | 10years | Consecutive to 93-06450 thru 55,<br>-06457, -06458 |
| 93-06457 | Aggravated robbery | 10 years | Consecutive to 93-06456<br>Concurrent with other counts |
| 93-06458 | Aggravated robbery | 10 years | Consecutive to 93-06456<br>Concurrent with other counts. |

As can be seen, the guilty pleas rendered an effective sentence of 20 years. The petition alleged that the petitioner was freed on bond on the charge of aggravated burglary on November 19, 1992. The petition also alleged that the convictions of aggravated robbery, aggravated kidnapping, and attempted especially aggravated robbery were based upon offenses occurring in December 1992 and January 1993. The petitioner asserted that the concurrent alignment of the convictions for these offenses with that of aggravated burglary for which the petitioner was on bond in November 1992 resulted in void conviction judgments.

The circuit court entered an order dismissing the petition. It held that the three-year sentence for aggravated burglary had expired and that, accordingly, "there is no conviction for purpose[s] of seeking relief." The court concluded that it could "not determine from the face of the judgments that the sentences were illegal." The petitioner filed a timely notice of appeal.

The legal issues raised in a habeas corpus proceeding are questions of law, and our review of questions of law is de novo. *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000).

"[T]he writ of habeas corpus will issue in Tennessee 'only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's

sentence of imprisonment or other restraint has expired.'" *State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000) (quoting *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting Galloway, 45 Tenn. (5 Cold.) 326, 336-37 (1868))). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999).

A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Id.*; *see State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Because in this case the trial court apparently had jurisdiction over the actus reus, the subject matter, and the person of the petitioner, the petitioner's jurisdictional issue is limited to the claim that the court was without authority to enter the judgment. *See Anglin*, 575 S.W.2d at 287 ("'Jurisdiction' in the sense here used, is not limited to jurisdiction of the person or of the subject matter but also includes lawful authority of the court to render the particular order or judgment whereby the petitioner has been imprisoned."); *see Archer*, 851 S.W.2d at 164; *Passarella*, 891 S.W.2d at 627. The invalidity of the sentence itself, as well as the broader invalidity of the conviction, results in a void judgment and is a sufficient basis for habeas corpus relief. *See Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (stating that a void sentence, as well as a void conviction, may result in a void judgment and be the subject of a habeas corpus proceeding).

Furthermore, to obtain a release from custody via a habeas corpus proceeding, the petitioner must establish that he or she is imprisoned or restrained of his or her liberty "as a direct consequence" of the judgments being challenged. *See Hickman v. State*, 153 S.W.3d 16, 23-24 (Tenn. 2004); T.C.A. § 29-21-101 (2000). When a petitioner is yet incarcerated under a lawful, unexpired sentence, an earlier or different sentence that has expired no longer imposes "any further restraint upon . . . [the petitioner's] physical movement or action." *Hickman*, 153 S.W.3d at 24. Such a petitioner is entitled to no relief vis a vis the expired sentence.

A court may summarily dismiss a petition for habeas corpus relief without a hearing or the appointment of counsel when the petition sets forth no facts supporting the issuance of the writ. *See Randall Carver v. State*, No. M2002-02891-CCA-R3-CO, slip op. at 4 (Tenn. Crim. App., Nashville, May 16, 2003); *see* T.C.A. § 29-21-109 (2000).

In the present case, the petitioner admitted in his petition that he had previously sought habeas corpus relief from the judgments presently being challenged. In this situation, he is obliged to attach to his petition "a copy of the [earlier] petition and proceedings thereon . . . or [give] satisfactory reasons . . . for the failure to do so." T.C.A. § 29-21-107(b)(4) (2000). The procedures authorizing the use of the writ of habeas corpus are codified in Tennessee Code Annotated sections 29-21-101 through 29-21-130. The statutory procedures for seeking habeas corpus relief are mandatory and must be followed scrupulously. *Hickman*, 153 S.W.3d at 19. Accordingly, prior to considering the petitioner's claimed entitlement to habeas corpus relief, the circuit court was constrained to dismiss the petition because of the petitioner's failure to follow mandatory statutory procedure.

-3-

For this reason, the order of the circuit court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE