IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

Assigned on Briefs December 15, 2015

**ERNEST LEE JENNINGS v. GERALD MCALLISTER, WARDEN**

**Appeal from the Criminal Court for Johnson County**
**No. CC-15-CR-94    Lisa N. Rice, Judge**

_____

**No. E2015-01805-CCA-R3-HC – Filed February 12, 2016**

_____

A jury convicted the petitioner of three counts of rape of a child, a Class A felony, and one count of sexual exploitation of a minor, a Class B felony. In this petition for the writ of habeas corpus, the petitioner alleges that various errors at trial and on post-conviction render his convictions void. The trial court dismissed the petition without a hearing, and the petitioner appeals the dismissal. We conclude that the trial court did not err in dismissing the petition, and we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which D. KELLY THOMAS, JR., and ROGER A. PAGE, JJ., joined.

Ernest Lee Jennings, Mountain City, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; and Nicholas W. Spangler, Assistant Attorney General, for the Appellee, State of Tennessee.

OPINION

FACTUAL AND PROCEDURAL HISTORY

The petitioner was convicted of one count of sexual exploitation of a minor and of three counts of rape of a child for his crimes against three separate child victims. *State v. Ernest Lee Jennings*, No. W2010-01484-CCA-R3CD, 2011 WL 3330244, at *1 (Tenn. Crim. App. Aug. 3, 2011). He was sentenced to serve eighty-five years in prison for his

crimes. *Id.* The petitioner appealed, and his convictions were affirmed by this court. *Id.* The petitioner then sought, and was denied, post-conviction relief. *Ernest Lee Jennings, III, v. State*, No. W2013-01006-CCA-R3-PC, 2014 WL 1571819, at \*1 (Tenn. Crim. App. Apr. 17, 2014), *perm. app. denied* (Tenn. Aug. 27, 2014). After the denial of post-conviction relief was likewise affirmed, the petitioner filed the instant petition for the writ of habeas corpus.

The petition for the writ of habeas corpus alleged as grounds for relief: that the search of the petitioner's home was unlawful; that exculpatory evidence was withheld; that the petitioner was denied the effective assistance of counsel; that evidence was admitted in error; that the evidence was insufficient because the State presented no medical evidence; that the State's witnesses committed perjury or were coerced and "coached"; that evidence was "tampered" with; that post-conviction counsel had a conflict of interest; that the trial court did not reveal the members of the grand jury; and that post-conviction counsel was ineffective because he did not raise the issue that the petitioner's wife's testimony was privileged. The petition did not include the judgments from which the petitioner sought relief; instead, he attached the appellate opinions from his direct appeal and his post-conviction appeal and the trial court's order denying post-conviction relief, as well as the order denying the petitioner's motion to reveal the members of the grand jury.

The State filed a motion to dismiss the petition without a hearing. The State argued that the petitioner had not included a copy of the judgments as required by Tennessee Code Annotated section 29-21-107(b)(2) (2010) and that none of the grounds alleged would render the judgments void. In response, the petitioner filed the judgments and also filed a brief with the additional argument that, because the State gave a range of dates during which his offenses occurred in the indictment, his convictions are void. The habeas corpus court dismissed the petition without hearing, and the petitioner appeals.

## ANALYSIS

Article I, section 15 of the Tennessee Constitution authorizes the writ of habeas corpus. Habeas corpus may be granted to "[a]ny person imprisoned or restrained of liberty." T.C.A. § 29-21-101(a). The application for the writ must be made by petition and verified by affidavit. T.C.A. § 29-21-107(a). In addition, the petition has certain procedural requirements, including that a copy of "any legal process" under which the petitioner is imprisoned be annexed to the petition or a satisfactory reason given for its absence. T.C.A. § 29-21-107(b)(2). "These procedural requirements 'are mandatory and must be followed scrupulously.'" *Summers v. State*, 212 S.W.3d 251, 259 (Tenn. 2007) (quoting *Archer v. State*, 851 S.W.2d 157, 165 (Tenn. 1993)). The granting or denial of a petition for habeas corpus relief is a question of law reviewed de novo with no

2

presumption of correctness afforded to the trial court's findings or conclusions. *Edwards v. State*, 269 S.W.3d 915, 919 (Tenn. 2008).

While the statutory language "appears broad, in fact, '[h]abeas corpus under Tennessee law has always been, and remains, a very narrow procedure.'" *Edwards*, 269 S.W.3d at 919 (quoting *Archer*, 851 S.W.2d at 162). In order to merit relief, a petitioner must establish that the challenged judgment is not merely voidable, but void. *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005). A judgment is voidable when it is "facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Summers*, 212 S.W.3d at 256. A void judgment, on the other hand, is "one that is facially invalid because the court did not have the statutory authority to render such judgment." *Id.* "[T]he question of whether a judgment is void 'is always one of jurisdiction, that is, whether the order, judgment or process under attack comes within the lawful authority of the court or judge rendering or issuing it.'" *Edwards*, 269 S.W.3d at 920 (quoting *State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979), *overruled on other grounds by Archer*, 851 S.W.2d at 162-64).

Relief is only available when "'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Archer*, 851 S.W.2d at 164 (quoting *State v. Galloway*, 45 Tenn. (5 Cold.) 326, 336-37 (Tenn. 1868)).

The habeas corpus court has the authority to dismiss the petition if the petition shows that the petitioner "would not be entitled to any relief." T.C.A. § 29-21-109. Accordingly, if the petition fails to establish that the judgment is void, the habeas corpus court is not obligated to hold a hearing on the allegations. *Hogan*, 168 S.W.3d at 755.

Having reviewed the petitioner's claims, we conclude that the habeas corpus court properly dismissed the petition. None of the allegations in the petition touch on the jurisdiction of the court to impose the judgments or would render the judgments void. *See Mack Transou v. Dwight Barbee*, No. W2012-00258-CCA-R3-HC, 2012 WL 1813115, at *3 (Tenn. Crim. App. May 17, 2012) ("Furthermore, the admissibility of DNA evidence is an issue that would render a judgment voidable, not void"); *Ortega Wiltz v. Howard Carlton*, No. E2010-02091-CCA-R3-HC, 2011 WL 2410337, at *2 (Tenn. Crim. App. June 10, 2011) (concluding that sufficiency of the evidence is not a proper ground for habeas corpus relief and that an allegation that the search was illegal would only render the judgment voidable); *Terrance Lowdermilk v. State*, No. E2007-00177-CCA-R3-HC, 2008 WL 4427081, at *1 (Tenn. Crim. App. Oct. 1, 2008) (stating that claims of ineffective assistance of counsel do not render a judgment void); *Ronald Eugene Gilmore v. Kenneth Locke*, No. M2005-01235-CCA-R3-HC, 2006 WL 1097493,

at *3 (Tenn. Crim. App. Mar. 30, 2006) (holding that failure to disclose exculpatory evidence was not a proper ground for habeas corpus relief); *James Richard Jackson v. State*, No. 03C01-9904-CC-00164, 2000 WL 66090, at *1 (Tenn. Crim. App. Jan. 27, 2000) (concluding that allegations of perjured testimony and improperly admitted evidence were not proper grounds for habeas corpus relief); *Archer*, 851 S.W.2d at 161 (Tenn.1993) (noting that habeas corpus cannot be utilized to show that a judgment was contrary to the facts).

Because a valid indictment is a jurisdictional element, an indictment so defective that it does not vest jurisdiction in the trial court may be challenged pursuant to the writ of habeas corpus. *Wyatt v. State*, 24 S.W.3d 319, 323 (Tenn. 2000). However, the petitioner did not assert this ground in his initial petition, and the indictment was not annexed to the petition and is not a part of the appellate record. Accordingly, the habeas corpus court properly dismissed the claim. *Jackson*, 2000 WL 66090, at *1 (dismissing petition alleging a defective indictment due to failure to attach the indictment). Moreover, it appears that the petitioner's challenge does not raise questions regarding the constitutional and statutory principles governing the validity of indictments. *See Wyatt*, 24 S.W.3d at 324.

## CONCLUSION

Because the petition failed to show that the judgments were void, we affirm its dismissal.

_____
JOHN EVERETT WILLIAMS, JUDGE