IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs November 1, 2016

**JIMMY NEWELL v. TAMARA FORD, WARDEN**

**Appeal from the Circuit Court for Hardeman County**
**No. CC-16-CR-59   Joe H. Walker, III, Judge**

———————————————————

**No. W2016-00941-CCA-R3-HC – Filed December 12, 2016**

———————————————————

The Petitioner, Jimmy Newell, appeals the dismissal of his habeas corpus petition in which he challenged the legality of his two convictions for theft of property between $1,000 and $10,000 and his effective four-year sentence concurrently and with parole eligibility after service of thirty percent of his sentence. After a thorough review of the record, we conclude that the petition was properly dismissed, and we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and J. ROSS DYER, JJ., joined.

Jimmy Newell, Hartsville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Andrew C. Coulam, Assistant Attorney General; and D. Mike Dunavant, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Although the Petitioner limits his arguments in his brief to the theft convictions, the record reflects that on May 20, 2014, the Petitioner pled guilty to two counts of theft of property between $1,000 and $10,000, one count of violation of probation, one count of assault, three counts of domestic assault, and one count of misdemeanor theft. For all his convictions, the trial court sentenced the Petitioner to an effective sentence of four years in prison with parole eligibility after service of thirty percent of his sentence. In a letter to the board overseeing the Petitioner's parole eligibility, the State urged the parole

board to keep the Petitioner incarcerated. The parole board then denied the Petitioner's parole.

On April 7, 2016, the Petitioner then filed a petition for the writ of habeas corpus, arguing that his theft convictions are void because the State violated the terms of the plea agreement by writing to the parole board in favor of his continued imprisonment and that his sentences had expired because he had served thirty percent of his four-year effective sentence. The trial court granted the State's motion to dismiss without a hearing. The Petitioner now appeals.

**ANALYSIS**

The granting or denial of a petition for the writ of habeas corpus is a question of law reviewed de novo with no presumption of correctness. *Edwards v. State*, 269 S.W.3d 915, 919 (Tenn. 2008). The petitioner bears the burden of showing by a preponderance of the evidence that the sentence is void or his confinement is illegal. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees that "the privilege of the writ of Habeas Corpus shall not be suspended, unless when in case of rebellion or invasion, the General Assembly shall declare the public safety requires it." Tenn. Const. art. I, § 15. The writ, guaranteed constitutionally, is regulated statutorily. *See* T.C.A. §§ 29-21-101 *et seq.* The grounds upon which the writ will be granted in Tennessee are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999).

Habeas corpus relief is only available when "it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered, that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993) (quotations omitted). In other words, a habeas corpus petition will only be successful where the judgment challenged is void and not merely voidable. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007). "A voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity," whereas "[a] void judgment is one that is facially invalid because the court did not have the statutory authority to render such judgment." *Id.* at 256 (citations omitted). In deciding whether a judgment is void, the question "is always one of jurisdiction, that is, whether the order, judgment or process under attack comes within the lawful authority of the court or judge rendering or issuing it." *Edwards*, 269 S.W.3d at 920 (quoting *State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979) *overruled on other grounds by Archer*, 851 S.W.2d at 162-64).

The Petitioner first argues that his convictions are void because that the State's letter to the parole board violated "the spirit of the [plea] agreement," that he entered his plea under a "false premise," and that his plea was unknowing and involuntary. The Petitioner cites *Anglin* as authority that an involuntary and unknowing guilty plea renders a judgment void and, thus, available for habeas corpus relief. *See Anglin*, 575 S.W.2d at 288. The Tennessee Supreme Court, however, overruled *Anglin*, holding that involuntary and unknowing guilty pleas render judgments only voidable. *Archer*, 851 S.W.2d at 165. Even if the State had promised the Petitioner that he would be released after serving thirty percent of his sentences and, thus, the Petitioner acted unknowingly by entering the plea, the judgments would merely be rendered voidable. We note, however, that at the guilty plea hearing, the State "recommend[ed] a four-year, TDOC sentence at 30%." Nothing in the record suggests that the State promised the Petitioner that he would only serve thirty percent of his sentences. Rather, the record clearly establishes that he would be *eligible* for release after thirty percent of his sentence. The trial court had jurisdiction to render the Petitioner's judgments and that the judgments are not void.

The Petitioner also contends that because he has served more than thirty percent of his sentences, his sentences have expired and, thus, he should be afforded habeas corpus relief. We again note, however, that the Petitioner is merely eligible for release on parole and has not completed his sentence. His sentences have not expired. Accordingly, we hold that the Petitioner is not entitled to habeas corpus relief.

## CONCLUSION

Based on the foregoing analysis, we affirm the judgment of the habeas corpus court.

_____
JOHN EVERETT WILLIAMS, JUDGE