IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs November 14, 2017

## MICHAEL V. MORRIS v. BLAIR LEIBACH, WARDEN

**Appeal from the Circuit Court for Trousdale County
No. 2017-CV-4612  John D. Wootten, Jr., Judge**

_____

## No. M2017-00811-CCA-R3-HC

_____

The Petitioner, Michael V. Morris, appeals the Trousdale County Circuit Court's denial of his petition for writ of habeas corpus in which the Petitioner challenged his classification as a career offender. We conclude that the Petitioner has failed to establish that he is entitled to habeas corpus relief, and we affirm the denial of his petition in accordance with Rule 20, Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed
Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Michael V. Morris, Hartsville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Leslie E. Price, Senior Counsel; and Tom P. Thompson, Jr., District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

In 2006, the Petitioner was convicted of an aggravated robbery that occurred in August 2004 and was sentenced as a career offender to thirty years of incarceration at sixty percent. This court affirmed the Petitioner's conviction on direct appeal. *See State v. Michael V. Morris*, No. M2006-02738-CCA-R3-CD, 2008 WL 544567, at *1 (Tenn. Crim. App. Feb. 25, 2008), *perm. app. denied* (Tenn. Aug. 25, 2008). The Petitioner filed a petition for post-conviction relief, which the post-conviction court denied, and this court affirmed the post-conviction court's judgment on appeal. *Michael V. Morris v.*

*State*, No. M2010-02069-CCA-R3-PC, 2012 WL 76905, at *1 (Tenn. Crim. App. Jan. 6, 2012), *perm. app. denied* (Tenn. Apr. 20, 2012).

The Petitioner has since filed multiple habeas corpus petitions challenging his status as a career offender, all of which have been unsuccessful. *See Michael V. Morris v. State*, No. M2008-02113-CCA-R3-HC, 2010 WL 2075933, at *1, 4 (Tenn. Crim. App. May 25, 2010), *perm. app. denied* (Tenn. Aug. 26, 2010); *Michael V. Morris v. James Fortner*, No. M2008-01022-CCA-R3-HC, 2009 WL 690304, at *1-3 (Tenn. Crim. App. Feb. 26, 2009).

On March 24, 2017, the Petitioner filed a third petition for writ of habeas corpus in which he again challenged his status as a career offender. He argued that Tennessee Code Annotated section 40-35-108, the career offender statute, is unconstitutionally vague and overbroad and conflicts with Tennessee Code Annotated section 40-35-117(c), which addresses the applicability of the sentencing provisions to convictions committed prior to July 1, 1982. On April 7, 2017, the habeas corpus court entered an order finding that the Petitioner failed to adhere to the mandatory requirements for filing a petition for writ of habeas corpus and summarily denying the petition. The Petitioner filed a timely notice of appeal.

## ANALYSIS

Article I, section 15 of the Tennessee Constitution provides that "the privilege of the writ of Habeas Corpus shall not be suspended, unless when in case of rebellion or invasion, the General Assembly shall declare the public safety requires it." Habeas corpus may be sought by "[a]ny person imprisoned or restrained of liberty ... to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101(a). The application for the writ must be made by petition and verified by affidavit. T.C.A. § 29-21-107(a). The granting or denial of a petition for habeas corpus relief is a question of law reviewed de novo with no presumption of correctness afforded to the trial court's findings or conclusions. *Edwards v. State*, 269 S.W.3d 915, 919 (Tenn. 2008).

While the statutory language "appears broad, in fact, '[h]abeas corpus under Tennessee law has always been, and remains, a very narrow procedure.'" *Id.* (quoting *Archer v. State*, 851 S.W.2d 157, 162 (Tenn. 1993)). In order to merit relief, a petitioner must establish that the challenged judgment is not merely voidable, but void. *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005). A judgment is voidable when it is "facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007). A void judgment, on the other hand, is "one that is facially invalid because the court did not have the statutory authority to render such judgment." *Id*. "[T]he question of whether a judgment is void

'is always one of jurisdiction, that is, whether the order, judgment or process under attack comes within the lawful authority of the court or judge rendering or issuing it.'" *Edwards*, 269 S.W.3d at 920 (quoting *State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979), *overruled on other grounds by Archer*, 851 S.W.2d at 162-64).

Relief is only available when "'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Archer*, 851 S.W.2d at 164 (quoting *State v. Galloway*, 45 Tenn. (5 Cold.) 326, 336-37 (Tenn. 1868)). The habeas corpus court has the authority to dismiss the petition if the petition shows that the petitioner "would not be entitled to any relief." T.C.A. § 29-21-109. Accordingly, if the petition fails to establish that the judgment is void, the habeas corpus court is not obligated to hold a hearing on the allegations. *Hogan*, 168 S.W.3d at 755.

The Petitioner challenges the trial court's authority to consider convictions prior to 1982 in finding him to be a career offender. The Petitioner does not list what pre-1982 convictions that the trial court considered. Rather, the Petitioner maintains that Tennessee Code section 40-35-108 is unconstitutionally vague and overbroad and conflicts with section 40-35-117(c), which he asserts prohibits trial courts from considering convictions prior to 1982 in calculating career offender status.

However, in filing his habeas petition, the Petitioner failed to verify the petition by affidavit as required by Tennessee Code Annotated section 29-21-107(a). The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Hickman v. State*, 153 S.W.3d 16, 19-20 (Tenn. 2004); *Archer*, 851 S.W.2d at 165. "A habeas corpus court may properly choose to dismiss a petition for failing to comply with the statutory procedural requirements." *Hickman*, 153 S.W.3d at 21. Because the Petitioner failed to follow the statutory procedural requirements, the habeas corpus court properly denied the Petitioner's petition.

Furthermore, this court has rejected the arguments raised by the Petitioner regarding the constitutionality of Tennessee Code Annotated section 40-35-108. *See Allen Gary Lord v. State*, No. 03C01-9610-CR-00384, 1997 WL 789843, at *2-3 (Tenn. Crim. App. Dec. 23, 1997). Rather, this court concluded that the statute "clearly indicate[s] that all felony convictions during a defendant's lifetime may be considered when deciding whether to classif[y] him as a career offender." *Id.* at *3; *see State v. Wright*, 836 S.W.2d 130, 136 (Tenn. Crim. App. 1992). Accordingly, the Petitioner is not entitled to habeas corpus relief.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action is taken in a proceeding without a jury, such judgment or action is not a determination of guilt, and the evidence does not preponderate against the findings of the trial judge. *See* Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____

JOHN EVERETT WILLIAMS, JUDGE