IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 14, 2017

## JOSEPH MILES v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 4965      Cheryl A. Blackburn, Judge**

_____

### No. M2017-00349-CCA-R3-HC

_____

The Petitioner, Joseph Miles, appeals the Davidson County Criminal Court's denial of his petition for writ of habeas corpus, in which he challenged his second degree murder conviction and resulting forty-year sentence. We conclude that the Petitioner has failed to establish that he is entitled to habeas corpus relief, and we affirm the denial of his petition in accordance with Rule 20, Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Joseph Miles, Nashville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Senior Counsel; Glenn R. Funk, District Attorney General; and Megan King, Assistant District Attorney General, for the appellee, State of Tennessee.

### MEMORAMDUM OPINION

In 1998, a Robertson County jury convicted the Petitioner of second degree murder, and the trial court sentenced him to forty years in prison as a Range II offender. This court affirmed the Petitioner's conviction and sentence on direct appeal. *See State v. Joseph Miles*, No. M1998-00682-CCA-R3-PC, 2001 WL 166368, at *1 (Tenn. Crim. App. Feb. 16, 2001). The Petitioner has repeatedly and unsuccessfully pursued relief from his conviction and sentence. *See Joseph Miles v. State*, No. M2003-01871-CCA-R3-PC, 2005 WL 2438392, at *1 (Tenn. Crim. App. Sept. 26, 2005) (post-conviction); *Joseph Miles v. State*, No. M2006-02088-CCA-R3-HC, 2007 WL 1828879, at *1 (Tenn. Crim. App. June 26, 2007) (habeas corpus); *Joseph Miles v. State*, No. M2008-00506-

CCA-R3-PC, 2009 WL 890892, at *1 (Tenn. Crim. App. Mar. 26, 2009) (reopen post-conviction petition); *Joseph Miles v. State*, No. M2016-00556-CCA-R3-ECN, 2017 WL 3234014, at *1-2 (Tenn. Crim. App. July 31, 2017) (coram nobis), *no perm. app. filed.*

In July 2015, the Petitioner filed a second petition for writ of habeas corpus in which he alleged that Tennessee law did not authorize county grand juries and that, as a result, his conviction and sentence were void. On January 12, 2017, the habeas corpus court entered an order finding that county grand juries were lawful and denying the Petitioner's petition. The Petitioner appeals.

## ANALYSIS

Article I, section 15 of the Tennessee Constitution provides that "the privilege of the writ of Habeas Corpus shall not be suspended, unless when in case of rebellion or invasion, the General Assembly shall declare the public safety requires it." Habeas corpus may be sought by "[a]ny person imprisoned or restrained of liberty ... to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101(a). The application for the writ must be made by petition and verified by affidavit. T.C.A. § 29-21-107(a). The granting or denial of a petition for habeas corpus relief is a question of law reviewed de novo with no presumption of correctness afforded to the trial court's findings or conclusions. *Edwards v. State*, 269 S.W.3d 915, 919 (Tenn. 2008).

While the statutory language "appears broad, in fact, '[h]abeas corpus under Tennessee law has always been, and remains, a very narrow procedure.'" *Id.* (quoting *Archer v. State*, 851 S.W.2d 157, 162 (Tenn. 1993). In order to merit relief, a petitioner must establish that the challenged judgment is not merely voidable, but void. *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005). A judgment is voidable when it is "facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007). A void judgment, on the other hand, is "one that is facially invalid because the court did not have the statutory authority to render such judgment." *Id*. "[T]he question of whether a judgment is void 'is always one of jurisdiction, that is, whether the order, judgment or process under attack comes within the lawful authority of the court or judge rendering or issuing it.'" *Edward*s, 269 S.W.3d at 920 (quoting *State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979), *overruled on other grounds by Archer*, 851 S.W.2d at 162-64).

Relief is only available when "'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Archer*, 851 S.W.2d at 164 (quoting *State v. Galloway*, 45 Tenn. 326, 336-37 (Tenn. 1868)). The habeas corpus

court has the authority to dismiss the petition if the petition shows that the petitioner "would not be entitled to any relief." T.C.A. § 29-21-109. Accordingly, if the petition fails to establish that the judgment is void, the habeas corpus court is not obligated to hold a hearing on the allegations. *Hogan*, 168 S.W.3d at 755.

The Petitioner contends that the members of the grand jury who indicted him were chosen only from residents of Robertson County and not from both Montgomery and Robertson Counties, which comprise the Nineteenth Judicial District. *See* T.C.A. § 16-2-506(19)(A)(i) (proving that the Nineteenth Judicial District is comprised of Montgomery and Robertson Counties). He maintains that selecting a jury from a single county within a judicial district, rather than from all counties comprising the judicial district, violates Tennessee Code Annotated section 16-2-506, which lists the judicial districts and the counties comprising those districts, and section 16-2-510(c), which addresses the empaneling of grand juries. This court, however, has specifically rejected the Petitioner's argument. *See Christopher D. Hodge v. Debra Johnson*, No. M2016-00819-CCA-R3-HC, 2017 WL 3288533, at *2 (Tenn. Crim. App. Aug. 2, 2017), *perm. app. filed* (Tenn. Sept. 29, 2017); *State v. James E. Kenner*, No. M2014-00613-CCA-R3-CD, 2015 WL 3533265, at *3 (Tenn. Crim. App. June 5, 2015), *perm. app. denied* (Tenn. Oct. 15, 2015). Accordingly, the Petitioner is not entitled to relief regarding this claim.

The Petitioner also raises an issue claiming misconduct on the part of a police officer, a prosecutor, and trial counsel. However, he did not raise this issue in his petition for writ of habeas corpus, and, therefore, the issue is waived. *See Patrick Thurmond v. Howard Carlton, Warden*, No. E2007-02339-CCA-R3-HC, 2008 WL 2001809, at *2 (Tenn. Crim. App. May 9, 2008) (citing *State v. Turner*, 919 S.W.2d 346, 356-57 (Tenn. Crim. App. 1995)). Accordingly, we conclude that the Petitioner failed to establish that he is entitled to habeas corpus relief and that the habeas corpus court properly denied the Petitioner's petition.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action is taken in a proceeding without a jury, such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. The judgment of the habeas court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOHN EVERETT WILLIAMS, JUDGE