IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 7, 2007

## RONALD DENNIS CRAFTON v. TONY PARKER, WARDEN

**Appeal from the Circuit Court for Lauderdale County**
**No. 6114    Joseph H. Walker, III, Judge**

———————————

**No. W2007-00346-CCA-R3-HC  - Filed September 21, 2007**

———————————

The petitioner, Ronald Dennis Crafton, appeals the summary dismissal of his petition for habeas corpus relief. He contends that his judgments for rape are void because the evidence was insufficient to support his convictions and because he was sentenced *in absentia*. Because the petitioner has failed to assert a cognizable claim for habeas corpus relief, the judgment of the habeas corpus court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which DAVID H. WELLES and D. KELLY THOMAS, JR, JJ., joined.

Ronald Dennis Crafton, Henning, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; and David H. Findley, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

The procedural history of the petitioner's case was summarized by this Court in the direct appeal of the dismissal of his first petition for habeas corpus relief:

From the extremely sparse record in this case, it appears that on November 7, 1991, the petitioner, Ronald Crafton, was convicted in the Circuit Court of Henry County of two counts of rape, a Class B felony. After his conviction, while out on bond awaiting sentencing, he apparently left the state. According to the petitioner, he was subsequently sentenced *in absentia* to twelve years on each count, with the sentences to be served consecutively, for an effective sentence of twenty-four years. On April 26, 1994, he was transported from Indiana, where he was incarcerated, back to Tennessee to begin service of his Tennessee sentences.

On December 14, 2000, the petitioner filed a *pro se* petition for writ of habeas corpus in the Circuit Court of Lauderdale County. He alleged that his original computer printout sheets issued at West Tennessee State Penitentiary showed that his time began to run on November 7, 1991, and that he was told by a deputy at the Henry County Jail that the judge was "giving" him that time because he had "not been in any trouble." He alleged that the trial court unlawfully resentenced him on April 24, 1994, when he was outside the county's jurisdiction, changing his sentence effective date to April 26, 1994. He claimed that there were no factors justifying his receiving the maximum sentences within the range of punishment. He further alleged that the trial court's order of consecutive sentencing was illegal, because it was unaccompanied by any findings of fact by the trial court reflecting the necessity of consecutive sentencing.

*Ronald Crafton v. Jay Dukes, Warden*, No. W2001-00320-CCA-R3-CO, slip op. at 1-2 (Tenn. Crim. App., Jackson, Sept. 6, 2001) (footnotes omitted). This Court affirmed the dismissal of the petition for writ of habeas corpus. *Id.*, slip op. at 3-4. The following year, the petitioner filed a second petition for habeas corpus relief, this time he reiterated

his prior claims that the sentencing court lacked jurisdiction to impose consecutive sentences as there were no aggravating factors to substantiate the enhancement. Additionally, Petitioner asserts that the court "lacked statutory jurisdiction to re-sentence petitioner some three (3) years after imposition of the original sentence . . . the said re-sentencing of the petitioner pushed his expiration date back some two (2) years, which would have expired the petitioner's sentences. . . ." The trial court dismissed the petition on April 28, 2002, finding that the Petitioner's sentences have not expired.

*Ronald Crafton v. State*, No. W2002-01412-CCA-R3-CO, slip op. at 1 (Tenn. Crim. App., Jackson, Sept. 27, 2002). This Court affirmed the dismissal under Rule 20 of the Rules of the Court of Criminal Appeals, and our supreme court denied permission to appeal. *Id.* Thereafter, the petitioner filed a motion to reopen his post-conviction petition, which was summarily denied on the basis that the petitioner had failed to comply with the statutory requirements. *Ronald Crafton v. State*, No. W2005-01108-CCA-R3-PC, slip op. at 1 (Tenn. Crim. App., Jackson, Jan. 25, 2006). Again, this Court affirmed the denial pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. *Id.*

Then, on December 28, 2006, the petitioner filed the petition for writ of habeas corpus that is the subject of this appeal. He alleged errors in the amendment of the indictment, claimed that the evidence was insufficient to support his convictions, and complained that his sentence was illegal because the trial court imposed the maximum sentence within the range and ordered that the sentences be served consecutively. He also included complaints regarding the introduction of evidence, the State's failure to comply with discovery orders, and the State's failure to elect. The habeas corpus court summarily dismissed the petition, finding that the petitioner's sentence had not expired and that the trial court was not without jurisdiction.

"The determination of whether habeas corpus relief should be granted is a question of law." *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)). Our review of the habeas corpus court's decision is, therefore, "de novo with no presumption of correctness afforded to the [habeas corpus] court." *Id.* (citing *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 408 (Tenn. 2006)).

The writ of habeas corpus is constitutionally guaranteed, *see* U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15, but has been regulated by statute for more than a century, *see Ussery v. Avery*, 432 S.W.2d 656, 657 (Tenn. 1968). Tennessee Code Annotated section 29-21-101 provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101 (2000). Despite the broad wording of the statute, a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery*, 432 S.W.2d at 658; *State v. Galloway*, 45 Tenn. (5 Cold.) 326 (1868). The purpose of the state habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968). A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *see State ex rel. Anglin v. Henderson*, 575 S.W.2d 284, 287 (Tenn. 1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Because in the petitioner's case the trial court apparently had jurisdiction over the *actus reus*, the subject matter, and the person of the petitioner, the petitioner's jurisdictional issues are limited to the claims that the court was without authority to enter the judgments. *See Anglin*, 575 S.W.2d at 287 ("'Jurisdiction' in the sense here used, is not limited to jurisdiction of the person or of the subject matter but also includes lawful authority of the court to render the particular order or judgment whereby the petitioner has been imprisoned."); *see also Archer*, 851 S.W.2d at 164; *Passarella*, 891 S.W.2d at 627.

In this appeal, the petitioner contends that the evidence was insufficient to support his convictions because one of the victims has recanted her testimony and because he now has proof, in the form of an affidavit of a friend, that he was not in Tennessee at the time of the offenses. Although there is authority to support the proposition that a conviction based upon insufficient evidence violates due process, *see Jackson v. Virginia*, 443 U.S. 307, 316 (1979) (observing that it is "an essential of the due process guaranteed by the Fourteenth Amendment that no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof"), our supreme court has held that "the scope of the writ within Tennessee does not permit relief from convictions that are merely voidable for want of due process of law," *State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000). Moreover, defects rendering the judgment void must appear "'upon the face of the judgment or the record of the proceedings upon which the judgment is rendered.'" *Archer*, 851 S.W.2d at 161 (quoting *Galloway*, 45 Tenn. (5 Cold.) at 336-37). In this case, the petitioner's claim is based upon evidence outside the record and thus is not a proper basis for habeas corpus relief. Finally, this Court has specifically held that a challenge to the sufficiency of the evidence is not cognizable in a habeas corpus proceeding. *See Gant v. State*, 507 S.W.2d 133, 136 (Tenn. Crim. App. 1973).

-3-

The petitioner also asserts that his judgments are void because he was sentenced *in absentia*. According to the petitioner, he was present at trial and remained on bond after he was convicted. While on bond awaiting his sentencing hearing, he apparently left the state and was subsequently sentenced *in absentia*. Initially, the petitioner has waived this issue because he raises it for the first time on appeal. *See Black v. Blount*, 938 S.W.2d 394, 403 (Tenn. 1996) ("Under Tennessee law, issues raised for the first time on appeal are waived."). Moreover, the judgment forms attached to the petition for writ of habeas corpus give no indication that the petitioner was not present during the sentencing hearing. Most important, assuming the veracity of the petitioner's claim that he was not present at sentencing, the record is devoid of any explanation for the petitioner's absence and, despite numerous filings in both the trial court and this court, the petitioner has never offered one. A defendant may waive his constitutional right to be present at trial by voluntarily leaving the jurisdiction after the trial has begun. *See State v. Far*, 51 S.W.3d 222, 226-28 (Tenn. Crim. App. 2001). In consequence, that the petitioner was sentenced *in absentia* would not automatically render the judgment void.

Accordingly, the judgment of the habeas corpus court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE