# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## THOMAS LEN PROFFITT v. HOWARD CARLTON, WARDEN, and the STATE OF TENNESSEE

**Appeal from the Criminal Court for Johnson County**
**No. 5063     Robert E. Cupp, Judge**

---

**No. E2007-01190-CCA-R3-HC - Filed December 7, 2007**

---

The petitioner, Thomas Len Profitt, appeals the Johnson County Criminal Court's dismissal of his 2007 petition for habeas corpus relief. In response, the State moved this court pursuant to Tennessee Court of Criminal Appeals Rule 20 to summarily affirm the criminal court's order. Because the record shows that the Rule 20 terms for summary affirmance are met, we grant the motion and affirm the criminal court's order.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20. Rules of the Court of Criminal Appeals**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Thomas Len Proffitt, appellant, pro se.

Robert E. Cooper, Attorney General & Reporter; and Jennifer L. Bledsoe, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The petition for a writ of habeas corpus attacked only the petitioner's 2002 Knox County conviction of aggravated vehicular homicide, although he was also convicted of aggravated assault, obtaining controlled substances by fraud, possession of a controlled substance, and driving on a suspended license. According to the 2002 conviction judgments attached to the petition, the underlying offenses occurred on June 2, 2000. The defendant received the following Range I sentences:

| | | |
|---|---|---|
| Count 1 | aggravated vehicular homicide (Class A felony) | 25 years |
| Count 2 | aggravated assault (Class C felony) | 6 years |

| Count 3 | obtaining controlled substance by fraud (Class D felony) | 3 years |
| Count 4 | possession of controlled substances (Class A misdemeanor) | 11 months, 29 days |
| Count 5 | driving on a suspended license (Class B misdemeanor) | 6 months |

The aggravated vehicular homicide conviction resulted from a bench trial,[1] but the conviction of obtaining controlled substances by fraud resulted from guilty pleas. The other convictions were the results of jury verdicts. The felonies were ordered served in the Department of Correction and the misdemeanors in the county jail. The sentences in the first two counts were imposed to run consecutively to each other, and the other sentences were imposed to run concurrently with the otherwise effective sentence of 31 years in incarceration.

Of chief concern to the petitioner, as we comprehend it, is his claim that the conviction court utilized a reduced blood alcohol standard of .08 percent to aggravate the vehicular homicide offense based upon the use of disqualified prior driving-under-the-influence (DUI) convictions. The petitioner claims that some of his prior DUI convictions were too old to aggravate his vehicular homicide offense. He alleges that the conviction court utilized a 1980 Georgia DUI conviction, a 1983 Georgia DUI conviction, and a 1996 Kentucky DUI conviction. We discern from his brief that he essentially claims that his conviction was twice enhanced via the use of prior convictions both to invoke the .08 percent standard for DUI evidentiary inference purposes and also to aggravate the offense of vehicular homicide.

The legal issues raised in a habeas corpus proceeding are questions of law, and our review of questions of law is de novo. *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000).

"[T]he writ of habeas corpus will issue in Tennessee 'only when "it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered" that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired.'" *State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000) (quoting *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting *State v. Galloway*, 45 Tenn. (5 Cold.) 326, 336-37 (1868)). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999).

---

[1] This court's opinion in the petitioner's direct appeal indicated that a jury convicted the petitioner of aggravated vehicular homicide. *See State v. Thomas Len Profitt*, No. E2002-02396-CCA-R3-CD, slip op. at 2 (Tenn. Crim. App., Knoxville, Feb. 17, 2004).

A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Id.*; *see State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Because in this case the petitioner's sentence has not expired, and the trial court apparently had jurisdiction over the *actus reus*, the subject matter, and the person of the petitioner, the petitioner's issue is limited to the claim that the court was without authority to enter the judgment. *See Anglin*, 575 S.W.2d at 287 ("'Jurisdiction' in the sense here used, is not limited to jurisdiction of the person or of the subject matter but also includes lawful authority of the court to render the particular order or judgment whereby the petitioner has been imprisoned."); *see Archer*, 851 S.W.2d at 164; *Passarella*, 891 S.W.2d at 627. The invalidity of the sentence itself, as well as the broader invalidity of the conviction, results in a void judgment and is a sufficient basis for habeas corpus relief. *See Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (stating that a void sentence, as well as a void conviction, may result in a void judgment and be the subject of a habeas corpus proceeding).

The procedures authorizing the use of the writ of habeas corpus are codified in Tennessee Code Annotated sections 29-21-101 through 29-21-130. The statutory procedures for seeking habeas corpus relief are mandatory and must be followed scrupulously. *Hickman v. State*, 153 S.W.3d 16, 19 (Tenn. 2004).

A person commits DUI when he or she drives or is in physical physical control of "any automobile or other motor driven vehicle on any of the public roads . . . or while on the premises of . . . any . . . premises which is generally frequented by the public at large, while . . . [u]nder the influence of any intoxicant . . . ." T.C.A. § 55-10-401(a)(1) (2004). At the time of the conviction offense and at the time of trial in the present case, evidence that "there was, at the time alleged, [.08 percent] or more by weight of alcohol in the defendant's blood" created a "presumption that the defendant was under the influence" if the defendant had been previously convicted at least once of DUI. *See id.* § 55-10-408(b) (amended, 2002 Pub. Acts. ch. 855). Without the prior conviction, the blood-alcohol standard for the statutory inference of intoxication was .10 percent. *See id.* § 55-10-408(a).

In turn, vehicular homicide committed via DUI is a Class B felony. *See id.* § 39-13-213(b)(2) (2006). The offense is aggravated to a Class A felony when the offender has two or more prior convictions, *inter alia*, of DUI. *See id.* § 39-13-218(a)(1), (d) (2006). "As used in [Code] section [39-13-218], unless the context otherwise requires, 'prior conviction' means an offense for which the defendant was convicted prior to the commission of the instant vehicular homicide and includes convictions occurring prior to July 1, 1996." *Id.* § 39-13-218(b)(1).

We note initially that the petitioner's descriptions of the prior convictions used by the conviction court were merely that – the *petitioner's* descriptions. We cannot discern from the petition's attachments the bases for the conviction court's adjudication of aggravated vehicular

-3-

homicide. It was incumbent upon the petitioner to attach such elements to the petition[2] and to show that the elements appeared on the face of the record of the conviction proceeding. *See Summers v. State*, 212 S.W.3d 251, 262 (Tenn. 2007) ("The burden rests with Summers to prove that his allegations are true. Because the escape judgment is facially valid and Summers failed to support his factual assertions with pertinent documents from the record of the underlying proceedings, we conclude that summary dismissal was proper.").

Furthermore, given the statutory structuring of the offense of aggravated vehicular homicide, including the proviso that convictions occurring prior to July 1, 1996, may be included for aggravation purposes, we fail to see how the use of the prior convictions, even as described by the petitioner, deprived the conviction court of jurisdiction to convict the petitioner of the Class A offense.

For these reasons, we grant the State's Rule 20 motion and summarily affirm the judgment of the habeas corpus court.

_____
JAMES CURWOOD WITT, JR., JUDGE

---

[2] Additional "attachments" were appended to the petitioner's brief.