IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
June 24, 2008 Session

## NIKIA GRASTY v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Morgan County**
**No. 9210      E. Eugene Eblen, Judge**

---

**No. E2007-01386-CCA-R3-HC - Filed August 1, 2008**

---

The petitioner, Nikia Grasty, appeals the dismissal of his petition for writ of habeas corpus. Discerning no error, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

Robert L. Vogel, Knoxville, Tennessee, for the appellant, Nikia Grasty.

Robert E. Cooper, Jr., Attorney General and Reporter; Jennifer L. Bledsoe and John Bledsoe, Assistant Attorneys General, for the appellee, State of Tennessee.

**OPINION**

In 2001, the petitioner entered pleas of guilty to one count of especially aggravated kidnapping and one count of escape. The trial court imposed a sentence of 17 years to be served at 100 percent for especially aggravated kidnapping, *see* T.C.A. § 40-35-501(i)(2)(C) (1997) (setting a 100 percent release eligibility date for offense of especially aggravated kidnapping), and a sentence of two years to be served at 30 percent for escape. The court ordered the sentences to be served consecutively, for an effective sentence of 19 years. On February 17, 2006, the petitioner filed a pro se petition for habeas corpus relief alleging that he was denied the effective assistance of counsel at trial and that his sentence was "unconstitutional."

The habeas corpus court appointed counsel and conducted a brief hearing on May 21, 2007, during which it took no evidence and heard only the argument of counsel. At the hearing, the petitioner acknowledged that the ineffective assistance of counsel claim was not a cognizable claim for habeas corpus relief and proceeded only on his illegal sentence claim. Specifically, the petitioner asserted at the hearing that his sentence violated statutory mandates because it included a 100 percent release eligibility date for especially aggravated kidnapping and because the sentences were ordered to be served consecutively. The State pointed out that the 100 percent release eligibility date for

especially aggravated kidnapping is set by statute and that the trial court's decision to impose consecutive sentences was not an appropriate issue for habeas corpus relief. At the conclusion of the hearing, the habeas corpus court dismissed the petition, concluding that the petitioner had failed to bring a cognizable claim for habeas corpus relief.

In this appeal, the petitioner asserts that the habeas corpus court erred by dismissing the petition without a full evidentiary hearing. He argues that "if the trial court applied an incorrect statute, or applied a statute incorrectly, then [his] sentence of 17 years at 100 percent is illegal and void." Thus, he contends, the habeas corpus court should have granted him the opportunity to "develop[]" the record. In addition, he asserts that "[s]ince it does not appear from the record that the trial court was obligated to sentence [the petitioner] to consecutive sentences, then the trial court exercised its discretion in doing so," and, by exercising this discretion, engaged in the type of judicial fact finding prohibited by *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), and *Cunningham v. California*, 549 U.S. 270, 127 S. Ct. 856 (2007). The State submits that the petitioner has failed to present a cognizable claim for habeas corpus relief. We agree with the State.

"The determination of whether habeas corpus relief should be granted is a question of law." *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)). Our review of the habeas corpus court's decision is, therefore, "de novo with no presumption of correctness afforded to the [habeas corpus] court." *Id.* (citing *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 408 (Tenn. 2006)).

The writ of habeas corpus is constitutionally guaranteed, *see* U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15, but has been regulated by statute for more than a century, *see Ussery v. Avery*, 432 S.W.2d 656, 657 (Tenn. 1968). Tennessee Code Annotated section 29-21-101 provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101 (2000). Despite the broad wording of the statute, a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery*, 432 S.W.2d at 658; *State v. Galloway*, 45 Tenn. (5 Cold.) 326 (1868). The purpose of the state habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968). A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *see State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Because in the petitioner's case the trial court apparently had jurisdiction over the *actus reus*, the subject matter, and the person of the petitioner, the petitioner's jurisdictional issues are limited to the claims that the court was without authority to enter the judgments. *See Anglin*, 575 S.W.2d at 287 ("'Jurisdiction' in the sense here used, is not limited to jurisdiction of the person or of the subject matter but also includes lawful authority of the court to render the particular order or judgment whereby the petitioner has been imprisoned."); *see also Archer*, 851 S.W.2d at 164; *Passarella*, 891 S.W.2d at 627.

Although the petitioner complains that he was erroneously ordered to serve 100 percent of his 17-year sentence, he has failed to even actually allege that his sentence was imposed in direct contravention of any statute. Indeed, in his brief the petitioner goes only so far as to imply that the trial court may have imposed the 100 percent release eligibility date in error and claims that the habeas corpus court erred by denying him the opportunity to "develop[]" the record on this issue. The 100 percent release eligibility date, however, was required by operation of law, *see* T.C.A. § 40-35-501(i)(2)(C) (1997), and was not, therefore, illegal.

Similarly, the petitioner's claim that the trial court ordered consecutive sentencing in violation of the recent holdings of the Supreme Court does not avail him habeas corpus relief. The petitioner's claim, even if true, would render the judgments voidable rather than void, and is not, therefore, a cognizable claim for habeas corpus relief. Moreover, the petitioner was sentenced some three years before the decision in *Blakely*. "*Blakely* did not announce a new rule and . . . even if *Blakely* had announced a new rule, relief [can] be granted only in 'pipeline' cases . . . ." *David Earl Palmer v. State*, No. W2005-01421-CCA-R3-PC, slip op. at 9 (Tenn. Crim. App., Jackson, Nov. 3, 2006); *see also Billy Merle Meeks v. Ricky J. Bell, Warden*, No. M2005-00626-CCA-R3-HC (Tenn. Crim. App., Nashville, Nov. 13, 2007). Like the petitioner in *Palmer*, this petitioner's "case is a separate collateral attack and is not in the pipeline." *Id.* In consequence, the petitioner would not be entitled to relief even if his sentence runs afoul of the holding in *Blakely*. Finally, our supreme court recently held "that *Apprendi* and *Blakely* should be construed narrowly such that they do not apply to Tennessee's statutory scheme for imposing consecutive sentences." *State v. Anthony Allen and State v. Eric Lumpkin*, Nos. W2006-01080-SC-R11-CD, W2005-02805-SC-R11-CD, slip op. at 14 (Tenn. June 24, 2008).

Accordingly, the judgment of the habeas corpus court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE