# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs October 2, 2012

## DERRON S. GUY v. CHERRY LINDAMOOD, WARDEN

**Appeal from the Circuit Court for Hardeman County**
**No. CC-2012-CR-64     Joseph H. Walker, III, Judge**

_____

**No. W2012-00759-CCA-R3-HC - Filed November 28, 2012**

_____

The petitioner, Derron S. Guy, appeals the summary dismissal of his petition for writ of habeas corpus, wherein he challenged his 2010 Shelby County Criminal Court convictions of employing a firearm during a dangerous felony. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JEFFREY S. BIVINS and ROGER A. PAGE, JJ., joined.

Derron S. Guy, Whiteville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

In 2010, the petitioner pleaded guilty in the Shelby County Criminal Court to three counts of employing a firearm during the commission of a dangerous felony, one count of aggravated robbery, one count of carjacking, and one count of attempted carjacking, in exchange for a total effective sentence of 22.2 years' incarceration. On March 26, 2012, the petitioner filed a petition for writ of habeas corpus, challenging his convictions of employing a firearm during the commission of a dangerous felony on grounds that the proscribing statute prohibits conviction of that offense in conjunction with a conviction of carjacking. The trial court summarily dismissed the petition, concluding that the petitioner's claim, even if true, would render the convictions voidable rather than void.

In this appeal, the petitioner again challenges his convictions of employing a

firearm during the commission of a dangerous felony on grounds that Code section 39-17-1324 prohibits a conviction of that offense in conjunction with a conviction of carjacking. The State contends that the petitioner has failed to provide an adequate record for review of his claim and that his claim, even if true, would render his convictions voidable rather than void.

"The determination of whether habeas corpus relief should be granted is a question of law." *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)). Our review of the habeas corpus court's decision is, therefore, "de novo with no presumption of correctness afforded to the [habeas corpus] court." *Id.* (citing *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 408 (Tenn. 2006)).

The writ of habeas corpus is constitutionally guaranteed, *see* U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15, but has been regulated by statute for more than a century, *see Ussery v. Avery*, 432 S.W.2d 656, 657 (Tenn. 1968). Tennessee Code Annotated section 29-21-101 provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101 (2006). Despite the broad wording of the statute, a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery*, 432 S.W.2d at 658; *State v. Galloway*, 45 Tenn. (5 Cold.) 326 (1868). The purpose of the state habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968). A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *see State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

In addition to the various procedural requirements for the prosecution of a petition for writ of habeas corpus contained in the Code, *see generally* T.C.A. §§ 29-21-105 to -112, our supreme court has held that "[t]he petitioner bears the burden of providing an adequate record for summary review of the habeas corpus petition." *Summers v. State*, 212 S.W.3d 251, 261 (Tenn. 2007). "[A]n adequate record for summary review must include pertinent documents to support those factual assertions" contained in the petition. *Id.* When a petitioner fails to attach to his petition sufficient documentation supporting his claims, the habeas corpus court may summarily dismiss the petition. *Id.*

Although the petitioner is correct that Code section 39-17-1324 prohibits conviction of employing a firearm during the commission of a dangerous felony "if

possessing or employing a firearm is an essential element of the underlying dangerous felony as charged," *see* T.C.A. § 39-17-1324(b), he failed to establish that carjacking, as it was charged in his case, included possession of a firearm as an essential element. Carjacking can be committed "by use of: (1) A deadly weapon; or (2) Force or intimidation." *Id.* § 39-13-404(a). Because the defendant failed to include the charging instrument, we cannot discern that carjacking was the predicate felony alleged for the petitioner's firearm convictions or that carjacking, as alleged, included firearm possession as an essential element. Summary dismissal was appropriate on this basis alone. *See Summers*, 212 S.W.3d at 261.

Accordingly, the judgment of the habeas corpus court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE