IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 4, 2013

## LEON MORRIS v. HENRY STEWARD, WARDEN

**Appeal from the Circuit Court for Lake County**
**No. 13-CR-9815     R. Lee Moore, Jr., Judge**

---

**No. W2013-00397-CCA-R3-HC  - Filed June 13, 2013**

---

The petitioner, Leon Morris, appeals from the summary dismissal of his petition for writ of habeas corpus.  Discerning no error, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which THOMAS T. WOODALL and JEFFREY S. BIVINS, JJ., joined.

Leon Morris, Tiptonville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

On January 11, 2013, the petitioner filed a petition for writ of habeas corpus challenging the requirement that he register as a sexual offender and otherwise comply with the Sexual Offender Registry provisions for a conviction that occurred on February 25, 1980. The petitioner claimed that forcing him to register as a sexual offender and comply with other registry requirements when he had not previously been required to do so violated his constitutional protection against *ex post facto* legislation.  The habeas corpus court summarily dismissed the petition on grounds that the petitioner had failed to comply with the procedural requirements for filing a petition for writ of habeas corpus, specifically failing to attach to his petition the judgment for his conviction.

"The determination of whether habeas corpus relief should be granted is a question of law." *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007) (citing *Hart v. State*,

21 S.W.3d 901, 903 (Tenn. 2000)). Our review of the habeas corpus court's decision is, therefore, "de novo with no presumption of correctness afforded to the [habeas corpus] court." *Id.* (citing *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 408 (Tenn. 2006)).

The writ of habeas corpus is constitutionally guaranteed, *see* U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15, but has been regulated by statute for more than a century, *see Ussery v. Avery*, 432 S.W.2d 656, 657 (Tenn. 1968). Tennessee Code Annotated section 29-21-101 provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101 (2006). Despite the broad wording of the statute, a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery*, 432 S.W.2d at 658; *State v. Galloway*, 45 Tenn. (5 Cold.) 326 (1868). The purpose of the state habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968). A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *see State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

In addition to the various procedural requirements for the prosecution of a petition for writ of habeas corpus contained in the Code, *see generally* T.C.A. §§ 29-21-105 to -112, our supreme court has held that "[t]he petitioner bears the burden of providing an adequate record for summary review of the habeas corpus petition." *Summers v. State*, 212 S.W.3d 251, 261 (Tenn. 2007). "[A]n adequate record for summary review must include pertinent documents to support those factual assertions" contained in the petition. *Id.* When a petitioner fails to attach to his petition sufficient documentation supporting his claims, the habeas corpus court may summarily dismiss the petition. *Id.*

Here, the petitioner failed to comply with the requirements of Code section 29-21-107 by failing to attach to his petition a copy of the judgment for the challenged conviction or to account for its absence. *See* T.C.A. § 29-21-107(b)(2) ("The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence."). On appeal, the petitioner asserts that he has complied with the procedural requirements "to the best of his abilities" by attaching his Tennessee Offender Management Information System ("TOMIS") reports. To satisfy the procedural requirements for habeas corpus relief and to avert a summary dismissal, however, the petitioner must make the showing of entitlement to habeas corpus relief "with pertinent documents from the record of

the underlying proceedings." *Summers*, 212 S.W.3d at 262. Because TOMIS reports are generated by the Department of Correction following an inmate's transfer to prison, they would not be considered a part of the record of the underlying proceedings. In consequence, a TOMIS report cannot be used to satisfy the procedural requirements for filing a petition for writ of habeas corpus. Given the petitioner's procedural failings, summary dismissal of the petition was appropriate.

Accordingly, the judgment of the habeas corpus court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE