IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 13, 2015

**JAMES SMITH v. DOUG COOK, WARDEN**

**Appeal from the Circuit Court for Bledsoe County**
**No. 2015-CR-1      Thomas W. Graham, Judge**

_____

**No. E2015-00681-CCA-R3-HC – Filed November 2, 2015**

_____

The petitioner, James Smith, appeals the summary dismissal of his petition for writ of habeas corpus, which challenged his 2000 conviction of first degree murder, claiming that the trial court lacked subject matter jurisdiction because the indictment was void. Discerning no error, we affirm the order of summary dismissal.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and TIMOTHY L. EASTER, JJ., joined.

James Smith, Pikeville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; and Clarence E. Lutz, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

A Shelby County Criminal Court jury convicted the petitioner of one count of first degree murder for the shooting death of Steven Cooks. This court affirmed the petitioner's conviction and the imposition of a sentence of life imprisonment on direct appeal. _See State v. James Smith_, W2000-02315-CCA-R3-CD, slip op. at 1 (Tenn. Crim. App., Jackson, April 4, 2002), _perm. app. denied_ (Tenn. Nov. 4, 2002).

On February 11, 2015, the petitioner filed a petition for writ of habeas corpus, which petition challenged his conviction on grounds that the trial court lacked subject matter jurisdiction in his case because the indictment was void. He claimed that the indictment was invalid because "the grand jury investigated a warrant charging Class (A) offense (T.C.A. 39-13-210), changed the nature of the offense charged to have been committed in the warrant, and returned [an] indictment charging distinct (Class X)

offense (T.C.A. 39-13-202)." Essentially, he argued that because he was arrested for a violation of Code section 39-13-210, the grand jury was legally prohibited from returning an indictment that charged any other offense. The habeas corpus court summarily dismissed the petition on grounds that an identical challenge had been considered and rejected in a previous petition for writ of habeas corpus filed by the petitioner.

In this appeal, the petitioner reiterates his claim of a lack of subject matter jurisdiction. The petitioner acknowledges having raised this issue in a previous petition for writ of habeas corpus but argues that the issue does not qualify as having been previously determined because the habeas corpus court did not consider the issue on its merits. The State asserts that summary dismissal was appropriate because the petitioner failed to attach a copy of the order dismissing the previous petition to his current petition for writ of habeas corpus and failed to attach to his petition sufficient documentation from the record to support his claim.

"The determination of whether habeas corpus relief should be granted is a question of law." *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)). Our review of the habeas corpus court's decision is, therefore, "de novo with no presumption of correctness afforded to the [habeas corpus] court." *Id.* (citing *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 408 (Tenn. 2006)).

The writ of habeas corpus is constitutionally guaranteed, *see* U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15, but has been regulated by statute for more than a century, *see Ussery v. Avery*, 432 S.W.2d 656, 657 (Tenn. 1968). Tennessee Code Annotated section 29-21-101 provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101. Despite the broad wording of the statute, a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery*, 432 S.W.2d at 658; *State v. Galloway*, 45 Tenn. 326 (1868). The purpose of the state habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968). A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *see State ex rel. Anglin v. Mitchell*, 575 S. W.2d 284, 287 (Tenn.1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

In addition to the various procedural requirements for the prosecution of a petition for writ of habeas corpus contained in the Code, *see generally* T.C.A. §§ 29-21-

105 to -112, our supreme court has held that "[t]he petitioner bears the burden of providing an adequate record for summary review of the habeas corpus petition." *Summers v. State*, 212 S.W.3d 251, 261 (Tenn. 2007). "[A]n adequate record for summary review must include pertinent documents to support those factual assertions" contained in the petition. *Id.* When a petitioner fails to attach to his petition sufficient documentation supporting his claims, the habeas corpus court may summarily dismiss the petition. *Id.*

The petitioner failed to comply with the procedural requirement that he attach to his petition a copy of the order disposing of his previous petition for writ of habeas corpus. *See* T.C.A. § 29-21-107(b)(4) ("The petition shall state . . . [t]hat it is [the] first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do."). Additionally, the petitioner failed to attach to his petition sufficient documentation to support his claim. Although his petition makes specific factual claims regarding the arrest warrant and the indictment, he attached neither document to his petition for writ of habeas corpus. Under these circumstances, summary dismissal of the petition was appropriate.

Accordingly, the judgment of the habeas corpus court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE

-3-