IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 19, 2016

**THOMAS E. WILLIAMS v. DEBRA JOHNSON, WARDEN**

**Appeal from the Circuit Court for Hickman County**
**No. 2015-CV-50     Deanna Johnson, Judge**

_____

**No. M2015-02244-CCA-R3-HC – Filed August 26, 2016**

_____

The petitioner, Thomas E. Williams, appeals the summary dismissal of his petition for writ of habeas corpus, which petition challenged his 1989 conviction of escape. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and TIMOTHY L. EASTER, JJ., joined.

Jeffrey L. Whitehead, Clarksville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; and M. Todd Ridley, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

On October 9, 2015, the petitioner filed in the Hickman County Circuit court a petition for writ of habeas corpus, claiming that, because the five-year sentence imposed for his 1989 conviction of escape had expired, he was being illegally detained by the Tennessee Department of Correction ("TDOC"). The petitioner stated that the five-year sentence was to be served consecutively to a 1974 Shelby County Criminal Court conviction that carried a sentence of life imprisonment. A judgment appended to the petition evinces a 1974 conviction of robbery with a deadly weapon and a jury-imposed sentence of life imprisonment. The petitioner did not append to his petition a judgment for the challenged 1989 escape conviction.

The petitioner did append to his petition a Tennessee Offender Management Information System ("TOMIS") report. Although TOMIS reports, which are generated by TDOC following an inmate's transfer to prison, would not be considered

a part of the record of the underlying proceedings, we find them instructional in this case because the record contains so little information regarding the challenged conviction. The TOMIS report, which was printed on January 9, 2014, shows a 1989 Hickman County conviction of escape with a sentence of five years to be served consecutively to the sentence imposed for the Shelby County conviction of robbery with a deadly weapon. The report also indicates a "custodial parole" date of December 7, 1994, for the 1974 robbery conviction. Because the defendant states in his brief that he completed service of the five-year sentence imposed for the 1989 escape conviction on April 9, 1998, we glean that he claims that he began serving the five-year sentence when he was granted parole for the 1974 robbery conviction in 1994. We believe we have properly framed the petitioner's claim, and we now consider whether the habeas corpus court erred by summarily dismissing his petition.

"The determination of whether habeas corpus relief should be granted is a question of law." *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)). Our review of the habeas corpus court's decision is, therefore, "de novo with no presumption of correctness afforded to the [habeas corpus] court." *Id.* (citing *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 408 (Tenn. 2006)). The writ of habeas corpus is constitutionally guaranteed, *see* U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15, but has been regulated by statute for more than a century, *see Ussery v. Avery*, 432 S.W.2d 656, 657 (Tenn. 1968). Tennessee Code Annotated section 29-21-101 provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint ." T.C.A. § 29-21-101. Despite the broad wording of the statute, a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery*, 432 S.W.2d at 658; *State v. Galloway*, 45 Tenn. (5 Cold.) 326 (1868). The purpose of the state habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968). A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *see State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

In addition to the various procedural requirements for the prosecution of a petition for writ of habeas corpus contained in the Code, *see generally* T.C.A. §§ 29-21-105 to -112, our supreme court has held that "[t]he petitioner bears the burden of providing an adequate record for summary review of the habeas corpus petition." *Summers v. State*, 212 S.W.3d 251, 261 (Tenn. 2007). "[A]n adequate record for summary review must include pertinent documents to support those factual assertions"

contained in the petition. *Id.* When a petitioner fails to attach to his petition sufficient documentation supporting his claims, the habeas corpus court may summarily dismiss the petition. *Id.*

The State argues that summary dismissal of the petition was appropriate because the petitioner failed to comply with the mandatory procedural requirements for filing a petition for writ of habeas corpus. Specifically, the State points to the petitioner's failure to append to his petition a copy of the 1989 judgment for the escape conviction.[1]

We must agree with the State that the failure to append the 1989 judgment to his petition justifies the summary dismissal of his petition. Although, as indicated, TOMIS sheets are instructive, they are not a part of the record of the underlying proceedings and are insufficient to support a habeas corpus claim.[2] If the petitioner wishes to establish that he is being illegally restrained on an expired sentence, he must attach to a properly filed petition for writ of habeas corpus his judgment of conviction and any other supporting documentation, such as orders of parole or other evidence indicating the start and end dates for both of his convictions. *See Summers*, 212 S.W.3d at 261. If the petitioner cannot attach a copy of his judgment of conviction, he must provide a satisfactory explanation for his failure to do so.

Accordingly, we affirm the judgment of the habeas corpus court.

_____
JAMES CURWOOD WITT, JR., JUDGE

---

[1] The State also contends that the petitioner "failed to state explicitly that (1) the legality of the restraint has not already been adjudged upon a prior proceeding of the same character and (2) it is the first application for the writ." The form petition used by the petitioner does, however, include statements that satisfy these requirements.

[2] The petitioner did provide a copy of this judgment as part of his filings in this court. We do not consider that document because it was not provided to the habeas corpus court.